Memorandum. The order of the Appellate Division, affirming a judgment entered on a jury verdict in favor of plaintiffs-respondents Solomon and Keene against defendant-appellant Russo, should be reversed Avith costs and the complaints dismissed. As the facts are not in issue, only a question of larv is presented (Matter of Martin v. Plaut, 293 N. Y. 617, 618; Matter of Christiansen v. Hill Reproduction Co., 262 App. Div. 379, 380, affd. 287 N. Y. 690). Concededly, the accident at issue occurred Avhile plaintiffs and defendant, who Avere coemployees, were returning in defendant’s car to the vicinity of their regular place of Avork in Bethpage, Long Island, after “ temporarily reporting” at another plant in Oalverton, Long Island, also OAvned by their employer. The employer had previously agreed to compensate any of its employees Avho drove their OAvn cars to the Oalverton plant and, for reasons of their own, plaintiffs and defendant formed a car pool for the journey. Under these circumstances, the accident arose out of an incident of plaintiffs’ employment and an action will not lie against defendant, their fellow employee (Workmen’s Compensation Law, § 29, subd. 6; see Matter of Newman v. Public Distrs., 282 App. Div. 1086; Sjostrom v. Sproule, 33 Ill. 2d 40, 44; Konopka v. Jackson Comity Road Comm., 270 Mich. 174, 177; Jensen v. Manning & Brown, 63 Wyo. 88, 99-100; Ann.: Workmen’s Compensation — Transportation, 97 A. L. R. 555, 556). Nor is it determinative *690 that the plaintiffs were not compensated individually for this particular trip; the important point is that they were all returning from a distant temporary place of work at their employer’s expense.
Chief Judge Fuld and Judges Van Voorhis, Burke, Scileppi and Breitel concur in memorandum; Judges Bergan and Keating dissent and vote to affirm.
Order reversed, with costs in this court and in the Appellate Division, and the complaints dismissed in a memorandum.