## Knauss v. Gaines

*Theodore R. Gardner,* and *Gardner, Gardner & Racines,* for plaintiffs.

*J. Jackson Eaton,* and *Butz, Hudders & Tallman,* for defendants.

WIEAND, January 5, 1970.—This action in trespass comes before the court on defendants' motion for judgment on the pleadings. The allegations of the complaint reveal that the wife-plaintiff, Jean S. Knauss, was injured when struck by an automobile owned by R. J. Gaines and driven by his daughter, Kathryn Dillon Gaines. The accident occurred on a roadway at Camp Helena, a campsite situated in Lehigh County, and owned by the Great Valley Girl Scout Council.

By new matter contained in their answer, defendants allege that at the time of the accident the wife-plaintiff was an employe of the Great Valley Girl Scout Council and was then engaged in activities within the scope of her employment. This fact has been admitted by plaintiffs in their reply. Defendants

allege further that Kathryn Dillon Gaines was also an employe of the Great Valley Girl Scout Council. The plaintiffs admit the employment of the defendant driver but deny that she was then acting in the course of her employment. On the contrary, it has been alleged, she "was engaged in a frolic and adventure of her own not within the scope of her employment." This averment has been amplified by depositions which reveal that upon completion of the regular work day, Kathryn Dillon Gaines had left the campsite where she had been working, had gone to her home and had returned to the camp to attend a "thank you" dinner given to honor other workers at the camp. Following dinner, at or about 8 p.m., the accident occurred.

In support of their motion for judgment on the pleadings, defendants cite an amendment to the Workmen's Compensation Act which was effected by the Act of August 24, 1963, P. L. 1175, sec. 1, 77 PS §72. The provisions of this amendment to the act are as follows:

"If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong."

The effect of this addition has been to extend the employer's immunity from common-law liability to fellow employes of the injured servant.

Defendants contend that the words "in the same employ as the person disabled" must be given a construction which is both general and broad. The interpretation which they advance would have the effect of relieving an employe from common-law liability for negligent acts resulting in injury to a fellow employe, whether committed in the course of employ-

ment or not, provided only that the injured person is entitled to receive benefits under the Workmen's Compensation Act. Plaintiffs argue that the words "in the same employ" must be given a narrow or restricted meaning. They contend that a fellow employe is immune from common-law liability for negligence only if the act causing harm to another employe is committed while the actor is in the course of his employment.

Insofar as the employment relationship is concerned, the Workmen's Compensation Act must be liberally construed in order to effectuate its remedial purpose; but "its scope cannot be extended in a manner which would destroy either the employee's common-law rights against third persons, or the common-law conception of third persons": Mays v. Liberty Mutual Insurance Company, 323 F. 2d 174, 177 (C. A. 3d). The amendment effected by the Act of 1963, supra, being in derogation of the common law, must receive a strict construction: Zimmer v. Casey, 296 Pa. 529.

The rules for determining the existence of the relationship of employer and employe under the Workmen's Compensation Act are the same as those at common law for ascertaining the master and servant relationship: Harris v. Seiavitch, 336 Pa. 294; Herman v. Kandrat Coal Co., 205 Pa. Superior Ct. 117. The Restatement 2d, Agency, in section 220(1), defines a servant as "a person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control."

In determining whether a person is the servant of another, it is necessary that he not only be subject to the latter's control or right of control with regard to the work to be done and the manner of performing it, but that the work is to be performed on the business

of the master or for his benefit: Yorston v. Pennell, 397 Pa. 28, 39; Commonwealth to the use of Orris v. Roberts, 392 Pa. 572, 583. See also Martin v. Wood, 400 F. 2d 310 (C. A. 3d). The relation of master and servant continues only so long as the latter is either actually or constructively in the employ of the former and under his control: Lyons v. Peoples Savings Bank, 251 Pa. 569, 571. "The word 'employment' means the subject matter as to which the master and servant relation exists. The phrase 'scope of employment' means the extent of this subject matter and denotes the field of action within which one is a servant": Restatement 2d, Agency, §228, comment (a).

In Baird v. Pettit, 70 Pa. 477, a case where the issue was whether plaintiff had been injured by the negligence of a fellow employe, the court held that the relation of master and servant ended when plaintiff-workman ceased work for the day and left the shop of his employer. Similarly, in O'Donnell v. The Allegheny Valley Railroad Company, 59 Pa. 239, the men operating a train were held not to be fellow employes of a carpenter who had completed his workday for defendant railroad and who was being transported from the site of his work to his home as a passenger on one of defendant's trains. See also Lyons v. Peoples Savings Bank, supra. These decisions, although of ancient vintage, provide assistance in determining the common-law understanding of the master and servant relationship. It is the same understanding, we believe, which the legislature had in mind when it exempted workmen from liability for acts of negligence resulting in injuries to fellow employes.

To the understanding of the average workman, the employer-employe relationship clearly does not exist 24 hours a day and seven days a week. A servant, in

common parlance, is in the "employ" of his master only while he is working for the master and subject to his right of control. In a legal sense, a servant contracts to work for the master within a defined field of action. It is that field of action which constitutes the subject matter of his employment. When it is exceeded, the relationship of master and servant ceases to exist. When the servant acts outside that field of action and apart from the subject matter of his employment, he is no longer in the "employ" of the master.

The construction which we place upon this amendment is consistent with the general design and purpose of the Workmen's Compensation Act. Under that statute, it has frequently been held that the mere fact of general employment is not enough to justify an award; the injury must be inflicted while in the course of it. See Cronin v. American Oil Co., 298 Pa. 336, 340; Haley v. City of Phila., 107 Pa. Superior Ct. 405, 408.

We hold, therefore, that the immunity from common-law liability which was granted by the Act of 1963, supra, extends only to employes who were acting in the course of their employment at the time of the negligent act which resulted in injuries to a fellow employe.

It follows that defendants' motion for summary judgment must be denied. Our holding should not be interpreted as a finding that Kathryn Dillon Gaines was not in the same employ as the injured wife-plaintiff at the time of the accident. This is a question which will have to be resolved upon a trial of the cause.

### ORDER

And now, January 5, 1970, it is ordered that defendants' motion for judgment on the pleadings be and the same is hereby denied.