## Apple et al., Appellants, *v.* Reichert.

Argued January 20, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

290

reargument refused July 1, 1971.

*David Freeman*, with him *C. David Krewson* and *Stuckert, Yates & Krewson*, for appellants.

*Peter A. Glascott*, for appellees.

OPINION BY MR. JUSTICE BARBIERI, June 1, 1971:

This is an appeal from the refusal of the court below to strike off an involuntary nonsuit entered in favor of one of the defendants, Virginia Bonner, in a trespass action for personal injuries. The question of this defendant's liability was tried before a judge without a jury and the nonsuit was entered at the close of appellant's case.[1] The court *en banc* dismissed appellants' motions to strike off the nonsuit and for a new trial, supporting this action with an extensive and thorough opinion. From the *en banc* order this appeal was taken.

The accident out of which this case arose occurred in June of 1965, when plaintiff-appellant, Ruth Apple, was a passenger in an automobile being operated by

---

[1] This was a limited trial to determine whether a nonsuit was properly to be entered as to the appellee, co-employe. The nonsuit was only as to the co-employe. It did not affect the other named defendants.

appellee, Virginia Bonner. The vehicle was involved in an intersectional collision with another automobile being operated by Phyllis Reichert, a co-defendant in the action below. At that time both appellant and appellee were employed as school teachers by the Centennial Joint School System in Bucks County. It was the practice in the school in which they taught to meet their respective classes at one school building, take the roll and lunch count, and thereupon the pupils were transported by school bus to another school building where school classes were held. These two teachers had no specific duties to perform on the school bus and were officially authorized to proceed to the classroom site, either by means supplied by themselves or on the school bus. When the accident occurred they were in transit from the first to the second school.

The appellant, in addition to instituting this trespass action, made a workmen compensation claim under the Workmen's Compensation Act (Act),[2] against the school district and was granted injury compensation benefits under a regular agreement for compensation entered into with her employer's carrier and filed with the Bureau of Workmen's Compensation.

Appellee, Virginia Bonner, interposed as a defense in the trespass action that she was immune from liability by virtue of a 1963 amendment adding Section 205 to the Act, Act of August 24, 1963, P. L. 1175, No. 496, §1, 77 P.S. §72 (Supp. 1971), which provides: "If disability or death is compensable under this act, a person shall not be liable·to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong."

---

[2] Act of June 2, 1915, P. L. 736, art. 1, §101, as amended, 77 P.S. §1 *et seq.*

The trial court concluded that both appellant and appellee were acting within the scope of their employment and in the course of their employer's business; that the Act was applicable; that Section 205 of the Act as amended, (77 P.S. §72), did provide immunity from liability for appellee; and that, therefore, a compulsory nonsuit must be entered in favor of the appellee. As we have noted, the court *en banc,* after an extensive review of the law, agreed and dismissed appellant's motion.

The question raised on this appeal is whether or not the parties were in the "same employ" when the accident occurred within the meaning of the 1963 amendment so that the appellee would be immune from liability for her negligence as to her co-employe. The language of the amendment, as we read it, clearly provides that a co-employe is immune from liability for his negligent act resulting in injury to his fellow employe. Holdings to that effect have been uniform at the trial level. *See e.g., McSparran v. Hanigan,* 225 F. Supp. 628 (E.D. Pa. 1963), *aff'd,* 356 F. 2d 983 (3d Cir. 1966); *Knauss v. Gaines,* 49 Pa. D. & C. 2d 269 (1970). In addition, courts in other jurisdictions having similar or identical co-employe provisions in their Workmen's Compensation Acts have reached the same conclusion— the co-employe is immune from liability. *Stillwell v. McGrath,* 204 A. 2d 385 (N.J. 1964); *Konitch v. Hartung,* 195 A. 2d 649 (N.J. 1963); *Groves v. Marvel,* 213 A. 2d 853 (Del. 1965); *Solomon v. Russo,* 229 N.E. 2d 231 (N.Y. 1967); *Lambiase v. Schechter,* 253 N.Y. Supp. 2d 16 (1964). *See generally,* 101 C.J.S. Workmen's Compensation §985.

Appellant argues that the new Section 205 applies only where the act or omission occurs within the *scope* of the sued employe's employment and that, although the appellee was acting within the *course* of her employment, she was not acting within the *scope* of her em-

ployment. Appellant argues further that the purpose of the amending act was to prevent recovery against the employer's liability carrier and not to protect employe from liability to their fellow employes. He draws this conclusion from the fact that employe immunity is only provided for where the injury is compensable under the Act. This purpose, he urges, is accomplished if Section 205 is applied only in cases where the employe is acting within the "scope" of his employment. Finally, appellant argues that the result of the lower court's decision is to bestow a windfall on appellee's automobile liability insurance carrier and relieve it from liability for a peril against which it had issued insurance.

It is fundamental, of course, that a judgment of nonsuit can be entered only in clear cases; that the plaintiff, appellant herein, must be given the benefit of all evidence favorable to her, together with all reasonable inferences of fact arising therefrom; and that any conflict in the evidence must be resolved in her favor. *Repyneck v. Tarantino,* 415 Pa. 92 (1964); *Markle v. Robert Hall Clothes,* 411 Pa. 282 (1963); *Flagiello v. Crilly,* 409 Pa. 389 (1963). So viewing the evidence here, we entertain no doubt whatsoever that the injuries in this case were caused while the appellant and appellee were "in the same employ". Both parties were proceeding from one place of employment to another during their working day, acting in furtherance of their duties at the time, and in a manner approved by their employer. Since the language of the statutory provisions sets up a clear and simple test—"the same employ"—and such words as scope of employment and course of employment are not used, we are not free to speculate that a more restrictive intention was envisioned by the Legislature. If it could be concluded that appellee's "scope of employment" was different from that of the appellant, our conclusion would be the same,

for we could still not conclude that appellee was acting outside of the scope of her employment at the time of the accident.[3]

Appellant's contention that the Section 205 amendment was only meant to grant immunity to the employer's insurance carrier is equally without merit. The Legislature had previously enacted an amendment to Section 305 of the Act providing that the ". . . insurer . . . shall be entitled to all of the employer's immunities and protection hereunder."[4] There can be no question that Section 205 granted fellow employe immunity in addition to that enjoyed by the employer's insurance carrier.

Nor do we see merit in appellant's argument that the grant of immunity should be denied here because this would provide a windfall for appellee's liability insurer. While we can speculate that the legislature was more interested in the fellow employe immunity for on-premises accidents due to negligence where the negligent employe is not likely to have liability insurance coverage, and we are aware that the employe's automobile carrier here benefits rather than the employer's compensation carrier, nevertheless we are not free to rephrase clear language of a statute in aid of a plaintiff even in circumstances like those in this case where this might open an avenue to a more equitable result.

We read the amending Act as clearly phrased to protect all co-employes in all situations where negligent conduct of one employe may cause injury to a fellow employe, provided only that the injury in question is one that is compensable under the Act.

Order affirmed.

---

[3] The trial court found that appellant and appellee were acting in the course of their employer's business and within the scope of their employment at the time of the accident.

[4] Act of January 25, 1966, P. L. (1965) 1552, §1, 77 P.S. §501 (Supp. 1971).