426 A.2d 1171

**Ernest T. DeLONG and Dorothy DeLong, Appellants,**

v.

**Arthur MILLER.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1980.

Filed March 6, 1981.

Brett A. Huckabee, Reading, for appellants.

Jon S. Malsnee, Reading, for appellee.

Before WICKERSHAM, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellants contend that appellee is not entitled to summary judgment because he was not immune from suit pursuant to section 205 of the Pennsylvania Workmen's Compensation Act (the Act).[1]  We disagree and, accordingly, affirm the order of the lower court.

1. Act of June 2, 1915, P.L. 736, art. II, § 205, added by the Act of August 24, 1963, P.L. 1175, No. 496, § 1, 77 P.S. § 72 (Supp.1980–81), which states:

The facts are not in dispute and may be stated as follows. Appellant Ernest T. DeLong and appellee Arthur Miller were both members and, consequently, employees[2] of a volunteer fire company in Hamburg. On March 15, 1979, in response to a fire alarm, Miller was driving his personal automobile to the fire house when he struck DeLong, who was directing traffic near the fire house. DeLong, who was fully compensated for his severe injuries pursuant to the Act, commenced this action, alleging that Miller had been negligent. Miller subsequently filed a motion for summary judgment, asserting that he was a co-employee of DeLong at the time of the accident and, therefore, immune from suit under section 205 of the Act. The lower court, concluding that Miller had already entered the course of his employment when he began his journey to the fire house, agreed and granted the motion. This appeal followed.

Appellants contend that Miller is liable as a third party[3] for his alleged negligence because he was merely going to work and, consequently, was not an employee at the time of the accident.[4] We disagree. Section 205 of the Act provides immunity to an allegedly negligent employee if: (1) the injury is compensable under the Act; and (2) the negligence occurred while the parties were "in the same employ." There is no dispute that DeLong suffered a compensable injury. Thus, we must determine whether DeLong and Miller were "in the same employ" at the time of the acci-

If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong.

2. *See* section 601 of the Act, 77 P.S. § 1031(1) (Supp.1980–81).

3. *See* section 303(b) of the Act, 77 P.S. § 481(b) (Supp.1980–81).

4. *See Piniansky v. Ostrowski*, 77 Lackawanna Jur. 94 (C.P. Lackawanna County 1976); *Self v. Weibel*, 56 Pa.D. & C.2d 658 (C.P. Philadelphia County 1972). *Cf. Davis v. Workmen's Compensation Appeal Board*, 41 Pa.Cmwlth. 262, 265, 398 A.2d 1105, 1106 (1979).

dent.[5]  Although the issue appears to be one of first impression, our cases have held that volunteer firemen injured en route while responding to an alarm are entitled to compensation under the Act.  *See Brinker v. Greensberg*, 409 Pa. 110, 185 A.2d 593 (1962);  *Badolato v. Berwick Borough*, 135 Pa.Super. 416, 5 A.2d 635 (1939);  *Barclay-Westmoreland Trust Co. v. Latrobe Borough*, 131 Pa.Super. 513, 200 A. 271 (1938);  *Foster v. Borough of State College*, 110 Pa.Super. 452, 168 A. 693 (1933);  *Sames v. Borough of Perkasie*, 100 Pa.Super. 402 (1930).  These cases recognize that because the unique character of the employment requires prompt reaction to an alarm, a volunteer fireman is in the course of his employment when he leaves his home in response to an alarm.  *Badolato v. Berwick Borough, supra*, 135 Pa.Super. at 422, 5 A.2d at 637;  *Barclay-Westmoreland Trust Co. v. Latrobe Borough, supra*, 131 Pa.Super. at 515–16, 200 A. at 272–73;  *Foster v. Borough of State College, supra*, 110 Pa.Super. at 455, 168 A. at 694;  *Sames v. Borough of Perkasie, supra* at 405–06.  *See also Nelson v. Borough of Greensville*, 181 Pa.Super. 488, 494, 124 A.2d 675, 679 (1956);  *Foster v. Borough of State College*, 124 Pa.Super. 492, 500, 189 A. 786, 789 (1937) (after remand).  Thus, had Miller been injured in the accident, his injuries would have been compensable because he would be deemed in the course of his employment while en route to the fire house.  The fact that DeLong was injured, and not Miller, cannot change the fact

5.  In *Flanders v. Hoy*, 230 Pa.Super. 322, 326 & n. 4, 326 A.2d 492, 494 & n. 4 (1974), this Court stated that "course of employment" should be the standard used to determine whether parties are "in the same employ" for the purposes of section 205 of the Act.  However, our Supreme Court has stated that "[s]ince the language of the statutory provision[] sets up a clear and simple test—'the same employ'—and such words as scope of employment and course of employment are not used, we are not free to speculate that a more restrictive intention was envisioned by the legislature."  *Apple v. Reichert*, 443 Pa. 289, 293, 278 A.2d 482, 484 (1971).  *See also Babich v. Pavich*, 270 Pa.Super. 140, 411 A.2d 218 (1979).  Even if *Flanders* is an accurate statement of Pennsylvania law, an issue which we do not decide, our result would still be the same, because, as the lower court properly concluded, appellee was "in the course of employment" as of the time he set out for the fire house.  *Cf. Apple v. Reichert, supra* (evidence showed that parties were in the course of employment as well as in the same employ).

that, at the time of the accident, Miller was in the course of his employment. Consequently, we conclude that Miller and DeLong were "in the same employ" at the time of the accident, and, therefore, Miller is immune from suit under section 205 of the Act. Thus, the lower court properly granted Miller's motion for summary judgment.

Order affirmed.