656 A.2d 102

**Juleann DUCJAI, Appellant**

v.

**Dawn DENNIS and Peter Tarvin, Appellees.**

Supreme Court of Pennsylvania.

Submitted Oct. 17, 1994.

Decided March 24, 1995.

---

Peter O'Donnell, for Ducjai.

Michael J. Donohue and Alyce Hailstone Farrell, for Dennis.

Harry V. Cardoni and Judith W. Daley, for Tarvin.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

### OPINION

MONTEMURO, Justice.

■   The issue presented by this case is whether passage of the Motor Vehicle Financial Responsibility Law ["MVFRL"], 75 Pa.C.S. § 1701 et seq., expressed a legislative intent to alter the law regarding an employee's tort liability for injuries sustained by a co-employee in an accident during the course and scope of her employment.  More specifically, may an employee recover both workers' compensation benefits from her employer as well as damages at common law from her co-employee under the MVFRL, when injured in an automobile accident during the course and scope of his employment?  For the reasons that follow, we hold that passage of the MVFRL did not express such a legislative intent, and that an employee may not recover damages at common law from her co-employee.

On July 27, 1987, appellant, Juleann Ducjai, was a passenger in an automobile owned and operated by appellee, Dawn Dennis.  Ducjai and Dennis were involved in an automobile accident with Dennis' co-defendant, Peter Tarvin,[1] during which Ducjai sustained injury.  At the time of the accident, Ducjai and Dennis were employees of the Y.M.C.A.'s Camp Kresge, and were traveling from camp to the Wilkes–Barre Y.M.C.A. at the instruction of the Camp Kresge's director.

---

1.  Peter Tarvin did not submit a brief in this matter.

(R.R. at 139–142, 155, 177). Ducjai received workers' compensation benefits as a result of the accident.

On June 30, 1989, Ducjai timely filed a Praecipe of Summons against Dennis and Tarvin. Ducjai filed her civil complaint on July 17, 1989, alleging that she sustained injuries as a result of Dennis' and Tarvin's negligent operation of their respective vehicles. Following various responsive pleadings, Dennis filed a Motion for Summary Judgment without opposition on March 30, 1992, in which she claimed immunity from liability in negligence because Ducjai was a co-worker who had been injured in the course and scope of her employment.[2] The trial court initially granted the motion, but subsequently vacated its order and permitted Ducjai to file a Brief in Opposition. On May 8, 1992, the trial court once again granted summary judgment in favor of Dennis, relying upon 77 P.S. § 72, the co-employee immunity provision of the Workers' Compensation Act ("Act").[3]

Ducjai appealed to the Superior Court, which initially reversed the trial court's entry of summary judgment and remanded the case to Luzerne County for further proceedings. *Ducjai v. Dennis*, No. 02042 Philadelphia 1992 (Superior Court Feb. 3, 1993) (*Cirillo* and Hoffman, JJ.; McEwen, J., dissenting). Ducjai, however, filed a Petition for Reargument which the Superior Court granted. The Superior Court, sitting *en banc*, affirmed the entry of summary judgment by the trial court after reargument. *Ducjai v. Dennis*, 431 Pa.Super. 366, 636 A.2d 1130 (1994) (Cirillo, J., concurring). On appeal to this Court, Ducjai argues that three sections of

2. In her brief, Ducjai complains that no workers' compensation referee ever finally adjudicated that her injuries were work-related, and, hence, she is still entitled to pursue damages through a traditional negligence action. *Brief of Appellant* at 12. Ducjai's argument is frivolous, and her reliance on *Kohler v. McCrory Stores*, 532 Pa. 130, 615 A.2d 27 (1992), is incorrect.

3. **Section 72. Liability of fellow employee**

   If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong.

the MVFRL, 75 Pa.C.S. §§ 1719, 1720, and 1735,[4] can be read to allow recovery separate from compensation received under the Act. In support of her argument, Ducjai relies upon several cases by courts of this Commonwealth which concluded that workers' compensation benefits were no bar to uninsured motorists' benefits under the MVFRL. *Selected Risks Inc. Co. v. Thompson*, 520 Pa. 130, 552 A.2d 1382 (1989); *Chatham v. Aetna Life & Cas. Co.*, 391 Pa.Super. 53, 570 A.2d 509 (1989), *aff'd per curiam*, 529 Pa. 494, 605 A.2d 329 (1992); *Ferry v. Liberty Mut. Ins. Co.*, 392 Pa.Super. 571, 573 A.2d 610 (1990).

Dennis, on the other hand, asserts that MVFRL does not generally supersede the Act. 77 Pa.S. § 72, 481(a).[5] Dennis

**4.** The statutory sections read, in pertinent part, as follows:

**Section 1719. Coordination of Benefits**
(a) **General Rule.**—Except for worker's compensation, a policy of insurance issued or delivered pursuant to this subchapter shall be primary. Any program, group contract or other arrangement for the payment of benefits such as described in section 1711 ... 1712(1) and (2) ... or 1715 ... shall be construed to contain a provision that all benefits provided therein shall be in excess of and not in duplication of any valid and collectible first party benefits provided in 1711, 1712 or 1715 or workers' compensation.
**Section 1720. Subrogation**
In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under [section 1711, 1712, or 1715] or benefits paid or payable by a program, group contract or other arrangement whether primary or excess under section 1719....
(repealed 1993 insofar as it relates to workers' compensation payments or other benefits under the Workers' Compensation Act).
**Section 1735. Coverage unaffected by workers' compensation benefits**
The coverage required by this subchapter shall not be made subject to an exclusion or reduction in amount because of any workers' compensation benefits payable as the result of the same injury.
(repealed 1993). *See also* 75 Pa.C.S. § 1737 (repealed 1993) (providing that workers' compensation benefits were not a bar to uninsured and underinsured motorist benefits).

**5. Section 481. Exclusiveness of remedy; actions by and against third party; contract indemnifying third party**

(a) The liability of an employer under this [Workers' Compensation] Act shall be exclusive and in place of any and all other liability to such employees, his legal representatives, husband or wife, parents, depen-

relies on our decision in *Hackenberg v. SEPTA,* 526 Pa. 358, 586 A.2d 879 (1991), as well as case law pre-dating passage of the MVFRL. *Apple v. Reichert,* 443 Pa. 289, 278 A.2d 482 (1971); *Sylvester v. Peruso,* 286 Pa.Super. 225, 428 A.2d 653 (1981). We agree with Dennis, and begin our analysis with an examination of law regarding co-employee tort liability before passage of the MVFRL.

Prior to the passage of the MVFRL, we held that Section 72 of the Act "clearly provides that a co-employee is immune from liability for his negligent act resulting in injury to his fellow employee." *Apple,* 443 Pa. at 292, 278 A.2d at 483. *See Sylvester,* 286 Pa.Super. 225, 428 A.2d 653 (1981); *DeLong v. Miller,* 285 Pa.Super. 120, 426 A.2d 1171 (1981). For example, in the factually analogous case of *Apple,* the appellant was a passenger in an automobile operated by the appellee when they were involved in an automobile accident with a third party, appellee's co-defendant. At the time of the accident, the appellant and appellee were co-workers employed as school teachers by Centennial Joint School System, and on their way to the classroom site.

The appellant was granted workers' compensation benefits through Centennial System's insurance carrier, but also filed an action in trespass for personal injuries against the appellee. The precise issue raised in *Apple* was whether the parties were in the "same employ" as used in 77 P.S. § 72; however, in the context of that analysis, we addressed the immunity provided by Section 72. We concluded the parties were in the "same employ," *Apple,* 443 Pa. at 293, 278 A.2d at 484, and the appellee was protected from the action in trespass by Section 72. *Id.* at 294, 278 A.2d at 485. *See Sylvester,* 286 Pa.Super. 225, 428 A.2d 653; *DeLong,* 285 Pa.Super. 120, 426 A.2d 1171. Thus, in the absence of the MVFRL, employees were immune from being sued for negligence by their co-workers under Section 72. 77 P.S. § 72. *See Hackenberg,* 526 Pa. at 361, 586 A.2d at 880.

dents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death....

Since the passage of the MVFRL in 1984, this Court has had the opportunity to discuss both the exclusivity of the Act as a remedy for work-related injuries, *Alston v. St. Paul Ins. Co.*, 531 Pa. 261, 612 A.2d 421 (1992), as well as the interplay between the MVFRL and the Act, *Hackenberg*, 526 Pa. 358, 586 A.2d 879. In *Alston*, this Court addressed the exclusivity of Section 481 of the Act. *Alston*, 531 Pa. 261, 612 A.2d 421. The issue presented was whether an employee who sustains an injury covered by workers' compensation may assert a separate tort action because of allegedly malicious and fraudulent conduct and abuse of legal process by agents of the employer's insurance carrier who seek to terminate compensation. We held that the employee may not assert a separate tort action, reasoning as follows:

> [T]he exclusivity clause of the Workmen's Compensation Act, 77 P.S. § 481, reflects the historical quid pro quo between an employer and employee whereby the employer assumes liability without fault for a work-related injury, but is relieved of the possibility of a larger damages verdict in a common law action. The employee benefits from the expeditious payment of compensation but forgoes recovery of some elements of damages.... "[T]he comprehensive system of substantive, procedural, and remedial laws comprising the workmen's compensation system should be the exclusive forum for redress of injuries in any way related to the work place."

*Id.* at 267, 612 A.2d at 424 (quoting *Kuney v. PMA Ins. Co.*, 525 Pa. 171, 175–176, 578 A.2d 1285, 1287 (1990)).

In *Hackenberg*, 526 Pa. 358, 586 A.2d 879, we addressed the issue of whether the MVFRL or the Act prevails when an employee is injured within the course and scope of his employment in an automobile accident. Specifically, we examined whether 75 Pa.C.S. § 1787 of the MVFRL, which requires self-insured entities to provide uninsured motorist benefits, supersedes Section 481(a) of the Act. We held that the MVFRL does not generally supersede the Act's exclusivity provision, 77 Pa.S. § 481(a), "unless it is the manifest intention of the General Assembly that the general [MVFRL] provision

prevail." *Hackenberg*, 526 Pa. at 370, 586 A.2d at 885. Because we determined that the legislature did not manifest such an intention, self-insurers were not required to pay uninsured motorist benefits to injured employees. *Id.*

When we read *Apple* in conjunction with *Alston* and *Hackenberg* and note the absence of any "manifest intention" of the legislature that the MVFRL prevail over Section 72 of the Act, we readily conclude that Ducjai is precluded from recovering damages at common law for the alleged negligence of Dennis. However, Ducjai disputes such a conclusion, and marshals our decision in *Selected Risks*, 520 Pa. 130, 552 A.2d 1382, along with the Superior Court cases of *Chatham*, 391 Pa.Super. 53, 570 A.2d 509, and *Ferry*, 392 Pa.Super. 571, 573 A.2d 610, in her defense.

For example, in *Selected Risks*, 520 Pa. 130, 552 A.2d 1382, appellant insurance company issued a comprehensive insurance policy to a volunteer fire association, of which Thompson was a volunteer firefighter. The policy provided for uninsured motorist coverage. While driving to a fire, Thompson was involved in an accident with an uninsured motorist. Thompson received benefits pursuant to his workers' compensation claim and, thereafter, filed a claim with appellant for uninsured motorist benefits. The issue on appeal to this Court was whether appellant could reduce the amount of uninsured motorist benefits by the amount of workers' compensation benefits Thompson had received, based upon a contractual provision limiting liability.[6] *Id.* at 141, 552 A.2d at 1387–1388.

We concluded that the contractual provision at issue was contrary to public policy, citing various rationales espoused by other jurisdictions. *Id.* at 142–143, 552 A.2d at 1388. Howev-

6. The policy reads as follows:
  E.  OUR LIMIT OF LIABILITY
     1.  Regardless of the number of covered autos, insureds, claims made or vehicles involved in the accident, the most we will pay for all damages resulting from any one accident is the limit of *uninsured motorists insurance* shown in the declarations.
     2.  Any amount payable under this insurance shall be reduced by:
     a.  All sums paid or payable under any workers' compensation, disability benefits or similar law.
  *Thompson*, 520 Pa. at 141, 552 A.2d at 1387–1388.

er, we found a "more compelling reason" to disallow reduction of uninsured motorist benefits in 75 Pa.C.S. § 1735 of the MVFRL, even though it took effect after the accident at issue. *Selected Risks*, 520 Pa. at 143, 552 A.2d at 1388. We stated that Section 1735, although not controlling, "is certainly a persuasive statement of what the legislature perceives as the appropriate public policy in dealing with such set-offs." *Id.*

Subsequently, in *Chatham*, 391 Pa.Super. 53, 570 A.2d 509, the plaintiff was injured by an uninsured motorist while driving a vehicle in the course of her employment. The plaintiff's employer carried uninsured motorist insurance on the vehicle with Aetna and the plaintiff was a named insured on two other uninsured motorist policies with State Farm. *Id.* at 54, 570 A.2d at 510. The plaintiff received workers' compensation benefits for her injuries, but also submitted a claim to Aetna for uninsured motorist benefits which Aetna denied. The issue on appeal to the Superior Court was whether the Workers' Compensation Act took precedence over the MVFRL, precluding the plaintiff from recouping uninsured motorist benefits through her employer's insurance policy with Aetna. *Id.* at 57, 570 A.2d at 511.

Relying on *Selected Risks*, 520 Pa. 130, 552 A.2d 1382, the Superior Court held:

> [T]he MVFRL can be interpreted to sanction, in graphic terms, the Legislature's condonation of a claimant/employee's right to secure both workmen's compensation and uninsured motorist benefits resulting from work related injuries.
>
> We read [*Selected Risks*] to approve the payment of claims for benefits originating, and subject to obtainment by a claimant, through the workmen's compensation scheme of recovery and the uninsured motorist policy obtained by an employee's employer.

*Chatham*, 391 Pa.Super. at 59–60, 570 A.2d at 512–513 (citations omitted). *See Ferry v. Liberty Mut. Ins. Co.*, 392 Pa.Super. 571, 573 A.2d 610 (1990). Hence, the plaintiff was entitled to a double recovery of benefits.

Ducjai's reliance on these cases is misplaced. This Court has stated that the focus of *Selected Risks* was to "illustrate[ ] that Section 1735's purpose is to limit insurance companies when they write insurance policies with respect to using workers' compensation benefits as a set-off, not to determine whether an insured has any claim to workers' compensation benefits and uninsured or uninsured motorist benefits." *Hackenberg v. SEPTA*, 526 Pa. 358, 365 n. 8, 586 A.2d 879, 882 n. 8 (1991). *See also Hackenberg* at 367, 586 A.2d at 883 (discussing purpose of Section 1735). Hence, the Superior Court's application of *Selected Risks* to *Chatham* and *Ferry* is questionable. Furthermore, this case involves the ability of one employee to recover damages from a co-employee beyond workers' compensation benefits, not the behavior of insurance companies writing coverages contrary to public policy. *Selected Risks*, 520 Pa. 130, 552 A.2d 1382.

Second, the holdings of *Chatham* and *Ferry* create only a narrow exception to the employer exclusivity provision of the Act, 77 P.S. § 481, for when employees attempt to recover both workers' compensation benefits as well as uninsured motorist benefits through their employer's policies. Comparatively, we rejected the ability of employees to recover both types of benefits when the employer is self-insured. *Hackenberg*, 526 Pa. at 370, 586 A.2d at 885.

Moreover, the repeal of Sections 1735 and 1737 of the MVFRL in 1993 has assured that the double recovery sanctioned in *Chatham* and *Ferry* is no longer permitted.[7] 75 Pa.C.S. §§ 1735, 1737 (repealed 1993). We agree with the Superior Court's conclusion that

these changes in the law were intended by the legislature to proclaim the supremacy of the [Act's] exclusivity provision and to reaffirm the principle that an employee may not seek double recovery for a work-related injury. The legislature has tried time and again to make it clear that worker's [sic] compensation benefits are to be the exclusive remedy for

---

7. The legislature also repealed sections 1720 and 1722 of the MVFRL in 1993, insofar as they related to workers' compensation. 75 Pa.C.S. §§ 1720, 1722 (repealed in part 1993).

employment-related injuries, save for those intentionally inflicted. Given the legislative treatment of the entire concept of worker's [sic] compensation, we cannot find any reasonable basis for concluding that the legislature intended to repeal [Section] 72 of the [Act] by inference. Had the legislature intended to expand the remedies available to an employee injured in a motor vehicle accident, we believe it would have expressed that intent clearly (by including it in its recent amendments) rather than *sub silentio.*

*Ducjai,* 431 Pa.Super. at 379, 636 A.2d at 1137.

Finally, we examine the foregoing in light of our standard of review for a grant of summary judgment:

Summary judgment is properly granted where 'the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law'.... 'The record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party'.... Summary judgment may be entered only in those cases where the right is clear and free from doubt.

*Pennsylvania State University v. County of Centre,* 532 Pa. 142, 144–145, 615 A.2d 303, 304 (1992) (citations omitted). Because there is no genuine issue of material fact, we find that summary judgment in favor of Dennis was appropriate.

Accordingly, we hold that an employee may not recover both workers' compensation benefits from her employer as well as damages at common law from her co-employee under the MVFRL, when injured in an automobile accident during the course and scope of her employment. The entry of summary judgment in favor of Dennis is affirmed.

CAPPY, J., files a concurring opinion in which Justice FLAHERTY, J., joins.

MONTEMURO, J., is sitting by designation.

CAPPY, Justice, concurring.

Although I agree with the result in this case, I believe the issue is not as intricate as set forth by the Majority. Simply put, the issue is whether Appellant is barred from seeking compensation from her co-employee, Appellee Dennis. The answer is clear under 77 P.S. § 72 of the Workers Compensation Act (the "Act"):

> If disability or death is compensable under this act, **a person shall not be *liable* to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ** as the person disabled or killed, except for intentional wrong.

[Emphasis added]. Accordingly, under the so-called "co-employee rule" of § 72, Dennis is not liable to Appellant. *Apple v. Reichert,* 443 Pa. 289, 278 A.2d 482 (1971); *Sylvester v. Peruso,* 286 Pa.Super. 225, 428 A.2d 653 (Pa.Super.1981).

Where I believe the Majority errs is in the way the Majority frames the issue: whether the MVFRL expressed a legislative intent to alter the law regarding an employee's tort *liability* for injuries sustained by a co-employee.[1] The Majority and the Superior Court below have equated this case to those involving § 481 of the Act, the exclusivity provision, and have attempted to reconcile § 72 of the Act with the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 et seq. (MVFRL). That exercise is not required in this case. The cases involving the interaction between § 481 of the Act and §§ 1719, 1720 and 1735 of the MVFRL are not analogous to the facts of this case.

It must first be noted that §§ 1719, 1720 and 1735 of the MVFRL do not determine *liability;* rather, they pertain to subrogation, coverage, and the coordination of benefits among the liable parties. Thus, whether one party is liable to another must first be determined by looking to other relevant law. In this case, it is § 72 of the Act, which provides a type

---

1. I acknowledge that this is the way the issue was framed in Appellant's petition for allowance of appeal, which was granted by this Court.

of "immunity" for co-employees. Since that law provides that Appellee cannot be held liable in this case, §§ 1719, 1720 and 1735 of the MVFRL are not implicated.

This conclusion is further borne out by scrutinizing the cases cited by the Majority which have examined the interplay between § 481 of the Act and the MVFRL. These cases involve a fundamentally different issue than that in question here. Section 481 of the Act refers to the exclusivity of the *employer's* liability, and recognizes that the employer has in fact already **assumed liability:**

> The **liability** of an **employer** under this Act **shall be exclusive** and in place of any and all other liability to such employees . . .

77 P.S. § 481 [emphasis added]. Thus, the employer has already assumed liability and the purpose of § 481 is to limit the amount of damages the employee can receive. In the cases discussed by the Majority, the respective plaintiffs obtained Workers' Compensation benefits from their employer (who therefore has conceded liability), but were also trying to obtain insurance benefits under their *employer's* policy of motor vehicle insurance. Clearly, the exclusivity of remedies provision, § 481, is implicated in those scenarios, since the employer has conceded liability, and thus the question remains: to what damages is the employee entitled?

That is quite different from the instant case. Although Appellant has received Workers' Compensation benefits from her employer, she is also trying to hold her co-employee *liable,* and receive benefits under her co-employee's personal policy of insurance. I believe this is a significant difference, and as noted above find that the Act answers the question without regard to what the MVFRL provides. In this case, there is simply no liability on the part of the co-employee in the first instance; the question of what *damages* Appellant may be entitled to under the MVFRL from the co-employee is therefore irrelevant. The legislature has made it clear that co-employees are not liable to one another, 77 P.S. § 72, and I do not believe that because the employee is covered by motor

116

vehicle insurance the analysis is altered.[2] Simply put, the MVFRL does not alter the Workers' Compensation Act's scheme for determining liability. Accordingly, I cannot agree with the analysis of the Majority but concur in the result.

FLAHERTY, J., joins in this concurring opinion.

2. For instance, if one employee injured another at work by the negligent use of machinery, the injured employee would be barred from suing the negligent employee, even though the negligent employee may be covered by some form of insurance (typically, homeowners' insurance). In the typical case, we do not even consider any other insurance the negligent employee may have.