2023 PA Super 258

| | | |
|---|---|---|
| JOHN BROWN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GEORGE GAYDOS, AN INDIVIDUAL, | : | No. 1132 WDA 2021 |
| T/D/B/A GAYDOS CONSTRUCTION | : | |

Appeal from the Judgment Entered April 16, 2021
In the Court of Common Pleas of Allegheny County
Civil Division at No:  No. GD18-006991

BEFORE:  PANELLA, P.J., LAZARUS, J., OLSON, J., STABILE, J., DUBOW, J.,
NICHOLS, J., McLAUGHLIN, J., McCAFFERY, J., and SULLIVAN, J.

DISSENTING OPINION BY STABILE, J.:          **FILED: DECEMBER 7, 2023**

This is a simple case.  Appellee George Gaydos is part owner of American

Concrete Solutions, LLC ("ACS") along with Mark Raymond, his cousin.

Gaydos and Raymond bring their personally owned equipment to ACS jobs

when necessary.  In this case, Gaydos' skid loader was at an ACS jobsite when

Brown, an ACS employee, was injured while attempting to operate it.  Brown

sought and received benefits under the Pennsylvania Worker's Compensation

Act ("WCA"), 77 P.S. 1, *et. seq* (ACS did not dispute his claim)*.*  Brown also

sued Gaydos for negligent maintenance of the skid loader.

Gaydos claims immunity from Brown's negligence suit under the

Pennsylvania Worker's Compensation Act ("WCA"), 77 P.S. § 72.  The

dispositive legal question under § 72 is whether Gaydos and Brown were "in

the same employ" at the time of the accident: "If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was **in the same employ** as the person disabled or killed, except for intentional wrong." 77 P.S. § 72 (emphasis added). For the reasons set forth below, I would conclude that Gaydos and Brown were in the same employ at the time of Brown's injury and therefore, Gaydos is immune from Brown's negligence suit under § 72. I believe the Majority's contrary conclusion rests on a fundamental misunderstanding of the legal question before us and the facts necessary to decide it.

In **Apple v. Reichert**, 278 A.2d 482 (Pa. 1971), a unanimous Supreme Court addressed the meaning of "in the same employ." There, the plaintiff and defendant were teachers at the same school. The plaintiff was a passenger in a car driven by defendant, and the two were on the school's campus traveling from one school building to another when another car collided with them. Traveling from one school building to another, either by school bus or by other means, was part of the teachers' ordinary daily routine. *Id.* at 483. The trial court concluded the defendant teacher was immune from suit under § 72.

The Supreme Court affirmed, reasoning that § 72 "clearly provides that a co-employe is immune from liability for his negligent act resulting in injury to his fellow employe." *Id.* The plaintiff attempted to persuade the Court that

§ 72 "applies only where the act or omission occurs within the Scope of the sued employe's employment and that, although the appellee was acting within the Course of her employment, she was not acting within the Scope of her employment." *Id.* at 484. The *Apple* Court rejected that argument:

> [W]e entertain no doubt whatsoever that the injuries in this case were caused while the appellant and appellee were 'in the same employ'. Both parties were proceeding from one place of employment to another during their working day, acting in furtherance of their duties at the time, and in a manner approved by their employer. Since the language of the statutory provision sets up a clear and simple test—'the same employ'—and such words as scope of employment and course of employment are not used, we are not free to speculate that a more restrictive intention was envisioned by the legislature.

*Id.* The Court concluded that § 72 protects "all co-employes in all situations where negligent conduct of one employe may cause injury to a fellow employe, provided only that the injury in question is one that is compensable under the Act." *Id.* at 485. Because the instant case involves Brown's allegation that Gaydos' negligence caused Brown's WCA-compensable injury, I turn my attention to the meaning of "co-employee."

Consistent with the *Apple* Court's directive to avoid a restrictive construction of the phrase "in the same employ", applicable precedents construe "co-employee" broadly. In *Jadosh v. Goeringer*, 275 A.2d 58 (Pa. 1971), as in the instant case, the employee sued an executive of his company after he was injured operating a machine on behalf of the company. The

*Jadosh* Court held, pursuant to § 22[1] of the WCA, that every executive officer of a company is an employee of that company. Thus, the executive was immune from suit under § 72. *Id.* at 60. In ***Budzichowski v. Bell Telephone Co. of Pa.***, 445 A.2d 811 (Pa. Super. 1982), the plaintiff's

_____

[1] Section 22 provides:

> The term "employe," as used in this act is declared to be synonymous with servant, and includes--

> All natural persons who perform services for another for a valuable consideration, exclusive of persons subject to coverage under the Longshore and Harbor Workers' Compensation Act (44 Stat. 1424, 33 U.S.C. § 901 et seq.) or the Merchant Marine Act of 1920 (41 Stat. 988, 46 U.S.C. § 861 et seq.) or persons whose employment is casual in character and not in the regular course of the business of the employer, and exclusive of persons to whom articles or materials are given out to be made up, cleaned, washed, altered, ornamented, finished or repaired, or adapted for sale in the worker's own home, or on other premises, not under the control or management of the employer. Except as hereinafter provided in clause (c) of section 302 and sections 305 and 321 every executive officer of a corporation elected or appointed in accordance with the charter and by-laws of the corporation, except elected officers of the Commonwealth or any of its political subdivisions, shall be an employe of the corporation. An executive officer of a for-profit corporation or an executive officer of a nonprofit corporation who serves voluntarily and without remuneration may, however, elect not to be an employe of the corporation for the purposes of this act. For purposes of this section, an executive officer of a for-profit corporation is an individual who has an ownership interest in the corporation, in the case of a Subchapter S corporation as defined by the act of March 4, 1971 (P.L. 6, No. 2) known as the "Tax Reform Code of 1971," or an ownership interest in the corporation of at least five per centum, in the case of a Subchapter C corporation as defined by the Tax Reform Code of 1971.

77 P.S. § 22 (footnotes omitted).

- 4 -

employer, a telephone company, also employed doctors to provide medical care to its employees. Plaintiff sued the doctors for allegedly misdiagnosing a work-related injury. The *Budzichowski* Court held that the telephone installer and the doctors, as full-time salaried employees of the telephone company, were in the same employ. *Id.* at 813. In *DeLong v. Miller*, 426 A.2d 1171 (Pa. Super. 1981), this Court held that the plaintiff volunteer fireman, while directing traffic near the scene of an emergency, was in the same employ as the defendant volunteer fireman who hit plaintiff with his personal car while driving to the emergency scene. This Court held that, because the defendant was on duty when he left his home in response to the emergency call, the parties were in the same employ at the time of the accident. *Id.* at 1172.

These cases make clear that persons occupying different positions within a company's hierarchy or performing different roles are nonetheless co-employees who are in the same employ for purposes of § 72. Gaydos and Brown occupied different positions within the company and were performing different tasks at the time of Brown's injury. Gaydos had been on site earlier in the morning but left to pay a vendor. Brown was on site and attempting to use the skid loader. But both were acting in furtherance of their duties for ACS, as were the parties in *Apple*. To repeat, the *Apple* Court held that § 72 protects **all co-employes** in **all situations** where the negligence of one causes a WCA-compensable injury to another. *Apple*, 278 A.2d at 484. The

- 5 -

instant case falls squarely within § 72 under **Apple**. That is, or should be, the end of the matter.

The Majority concludes otherwise, reasoning that "the determination of whether **Gaydos** was working 'in the course of [his] performance of duties for the employer[,]' ACS is a genuine issue of material fact[.]" Majority Opinion at 22 (Majority's emphasis). The Majority quotes from **Bell v. Kater**, 943 A.2d 293 (Pa. Super. 2008), where this Court wrote in *dicta* (the issue of § 72 immunity had been waived at an earlier stage) that parties are within the same employ when acting "in the course of [their] performance of duties for the employer." **Id.** at 298. For this proposition, the **Bell** Court relied on **Fern v. Ussler**, 630 A.2d 896 (Pa. Super. 1993), in which the three-judge panel divided three ways, with one judge writing the decision, one judge concurring in the result, and one judge dissenting. **Bell** and **Fern** are of no precedential value for the issue presently before us, a fact the Majority seems reluctant to acknowledge. Majority Opinion at 16-17. And whatever the Majority means by the phrase, "in the course of [their] performance of duties for the employer," or whatever the **Bell** and **Fern** Courts intended by that phrase, **Apple** remains the controlling authority. And the **Apple** Court held that "in the same employ" is not to be construed restrictively by reliance on concepts such as scope of employment or course of employment. **Apple**, 278 A.2d at 484. I believe that the *dicta* in **Fern** and **Bell** can be read consistently with the **Apple** Court's broad construction of the phrase, "in the same employ."

But to the extent those case contradict or are in tension with our Supreme Court's unanimous opinion in **Apple**, we must not follow them.

The Majority, after quoting from **Bell**, undertakes an analysis of the facts that places an unduly restrictive interpretation of "in the same employ" and thus runs afoul of **Apple**. The Majority lists some admissions from Gaydos that it believes create a genuine issue of material fact. Among these are that Gaydos owned and maintained the skid loader, that his sole proprietorship, Gaydos Construction, paid for the insurance policy on it, and that he occasionally loaned the skid loader to ACS for use in its work. Majority Opinion at 22. The Majority also notes that the agreement between Gaydos and Raymond to loan their personal tools to ACS was not in writing, and that there was no lease agreement or transfer of money between ACS and Raymond or Gaydos whenever one of them lent a tool or piece of equipment to ACS. Majority Opinion at 19. Common amongst all these facts is that they have no bearing on whether Gaydos and Brown were in the same employ under § 72 as construed by **Apple**. Gaydos' ownership, maintenance, and insurance of the skid loader, and the terms under which he lent his personal equipment to ACS for use in ACS jobs, is beside the point. The point is that Brown's WCA-compensable injury happened at an ACS jobsite when Brown and Gaydos were co-employees of ACS. Section 72 protects all co-employees in all such situations. **Apple**, 278 A.2d at 484.

The Majority also relies on Gaydos' instruction that no one but him was to operate the skid loader. Majority Opinion at 19, 22. But the Majority fails to explain how the apparent lack of adherence to that instruction strips Gaydos of § 72 immunity. The **Apple** Court's description of the parties' conduct in that case—that both parties were acting in a manner approved by their employer (**Apple**, 278 A.2d at 484)—might be relied upon to strip a defendant of § 72 immunity if the defendant co-employee causes an injury while acting contrary to the employer's express instructions. But that is not the case before us. Here, the evidence is that Gaydos and Raymond agreed that they would supply their personal equipment for ACS jobs, and that Gaydos' skid loader had been used at ACS jobs on multiple occasions in the past. Thus, Gaydos was acting in accord with ACS practice in providing his skid loader. His instruction regarding its use has no bearing on whether he and Brown were in the same employ.

The Majority also reaches the extraordinary conclusion that there is a "genuine issue of material fact as to whether Gaydos actually intended to use the skid loader at the jobsite on the morning in question." Majority Opinion at 20, 22. This is because Gaydos, in his deposition, "did not mention whether he brought the skid loader to the job site that morning for a particular purpose which related to that particular job." **Id.** at 20. The Majority's conclusion is unsupportable under both law and fact. The law provides that we must draw all **reasonable** inferences in favor of Brown, as the non-moving party against

whom summary judgment was granted. ***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa. 2010). The facts, as the Majority acknowledges, are that that Gaydos commonly (on 15 occasions between April and September of 2016) lent his skid loader to ACS for use in its jobs, and that Gaydos' skid loader was at an ACS jobsite on the morning of Brown's injury. Yet the Majority concludes that it is reasonable to infer from these facts that Gaydos' skid loader was present at the ACS jobsite on the morning of Brown's injury for some purpose other than the job at hand. To state that conclusion is to refute it. Furthermore, the purpose of the skid loader's presence at the jobsite, like the other facts discussed just above, is beside the point. It has no bearing on whether Brown and Gaydos were within the same employ when Brown was injured.

Finally, the Majority notes that Brown sued Gaydos in his own right as owner of the skid loader; he did not sue Gaydos as his employer or co-employee. Majority Opinion at 21-22. Again, this issue is beside the point. The language in Brown's pleading does not and cannot answer the substantive question before us. For the reasons explained above, I believe the inescapable conclusion is that Brown and Gaydos were within the same employ when Brown sustained his WCA-compensable injury. If that conclusion is correct, Gaydos is immune from Brown's suit under § 72. Brown cannot vitiate that immunity by ignoring it in his pleading.

In summary, I believe the Majority's analysis is unsupportable under *Apple*, both in its apparent reliance on the *dicta* in *Bell* and *Fern* to support an unduly restrictive interpretation of § 72, and in its reliance on a litany of facts not relevant to whether Brown and Gaydos were "in the same employ" under § 72. I would conclude that Gaydos is immune from Brown's negligence action under § 72 and affirm the judgment on that basis.

I respectfully dissent.

Judge Olson joins the Dissenting Opinion.