**[J-14-2025] [MO: Mundy, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| JOHN BROWN, | : | No. 22 WAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered December 7, |
| | : | 2023, at No. 1132 WDA 2021, |
| v. | : | reversing and remanding the Order |
| | : | of the Court of Common Pleas |
| | : | Allegheny County Civil Division |
| GEORGE GAYDOS, AN INDIVIDUAL, | : | entered April 16, 2021, at |
| T/D/B/A GAYDOS CONSTRUCTION, | : | No. GD18-006991. |
| | : | |
| Appellant | : | ARGUED:  April 8, 2025 |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE BROBSON**                                      **DECIDED:  FEBRUARY 18, 2026**

The General Assembly promulgated the Workers' Compensation Act (Act)[1] to address employers' and employees' "mutual dissatisfaction with the common law negligence system for remedying workers for their work-related injuries." *Herold v. Univ. of Pittsburgh*, 329 A.3d 1159, 1181 (Pa. 2025).  Under the Act, an employer is required to compensate its employees for any disability arising from a work-related injury, regardless of the employer's fault.  *See* Section 301(a) of the Act, 77 P.S. § 431 ("Every employer shall be liable for compensation for personal injury to, or for the death of each employe, by an injury in the course of his employment, and such compensation shall be paid in all cases by the employer, without regard to negligence[.]").  In exchange, the injured employee may only recover from the employer what the employee is entitled to under the Act.  *See* Section 303 of the Act, 77 P.S. § 481(a) ("The liability of an employer

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

under this act shall be exclusive and in place of any and all other liability to such employes . . . on account of any injury or death as defined in section 301(c)(1) and (2)[.]"). In other words, the injured employee cannot also sue the employer in tort. If a third party had a role in the employee's injury, however, the Act does not prevent the employee from suing that third party and recovering damages. Any recovery from a third party is subject to the employer's right to subrogation to the extent of any compensation paid under the Act. *See* Section 319 of the Act, 77 P.S. § 671 ("Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe . . . against such third party to the extent of the compensation payable under this article by the employer[.]").

Moreover, employers act through their employees and agents. At common law, employers can be held vicariously liable for the acts and omissions of their employees acting within the course and scope of their employment. *See Scampone v. Highland Park Care Ctr., LLC*, 57 A.3d 582, 597-98 (Pa. 2012). The Act expressly codifies vicarious liability, holding "[t]he employer . . . liable for the negligence of all employes, while acting within *the scope of their employment* . . . ; and such employes shall be the agents and representatives of their employers and their employers shall be responsible for the acts and neglects of such employes." Section 202 of the Act, 77 P.S. § 51 (emphasis added). As this liability of the employer is statutory under the Act, it is subject to the Act's exclusivity provision. In other words, if an employee of an employer acts negligently within the scope of his employment, causing injury to a fellow employee, the employer is liable to compensate the injured employee for any disability resulting therefrom under the Act. The injured employee cannot also sue the employer in tort *outside of the Act* to hold the employer vicariously liable for the negligent act of the fellow employee that caused the injury.

Section 205 of the Act provides:

> If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong.

77 P.S. § 72. Section 205 is a companion provision to Section 202 of the Act. Like Section 202, it ensures that employers who are liable under the Act to an injured employee do not also become liable outside of the Act for the acts and omissions of employees that led to that compensable injury, upholding the Act's exclusive remedy vis-à-vis the injured employee and the employer. Whereas Section 202 makes the employer liable for those acts and omissions for which the injured employee's exclusive remedy lies within the Act, Section 205 shields the negligent employee from civil suit for the liability that the employer assumes under Section 202. Stated otherwise, where an employer is vicariously liable for the act or omission of an employee that led to another employee's injury under Section 202, the negligent employee is shielded from liability under Section 205. The injured employee, as claimant, receives a single recovery from the employer for the workplace injury.

Here, there is no question that Appellee John Brown's injury was compensable under the Act. Brown's employer, American Concrete Solutions, Inc. (ACS), did not contest Brown's claim and paid benefits to Brown under the Act. At issue here is whether the alleged act or omission of Appellant George Gaydos that caused or contributed to the workplace injury occurred while Gaydos was "acting within the scope of [his] employment" with ACS.[2] If so, ACS is vicariously liable for Gaydos's negligent acts or omissions under

---

[2] In the absence of a definition in the Act for the phrase "scope of employment," the common law inquiry applies. *See McGuire ex rel. Neidig v. City of Pittsburgh*, 285 A.3d (…continued)

Section 202 of the Act, ACS satisfied that liability by paying Brown the compensation to which he is entitled under the Act, and Gaydos is entitled to co-employee immunity under Section 205 of the Act. If not, then ACS has no liability for the acts or omissions of Gaydos, Gaydos cannot be considered a co-employee for purposes of Section 205, and Brown is free to pursue a civil action against Gaydos. Should Brown succeed in that action, ACS would have a subrogation lien against any recovery on account of benefits Brown received from ACS under the Act.

Like the Majority, I believe there are genuine issues of material fact as to whether the acts or omissions that form the basis of Brown's claim against Gaydos occurred while Gaydos was in the same employ as Brown with ACS. The answer to this question turns on whether Gaydos was in the scope of his employment with ACS at the time of those acts or omissions.[3] Such an approach is in keeping with the "Grand Bargain," which this

_____

887, 892 (Pa. 2022). Adopting the Restatement (Second) of Agency, this Court in *Neidig* held that an employee's conduct falls within the scope of his employment if:

> (a) it is of the kind he is employed to perform;
>
> (b) it occurs substantially within the authorized time and space limits;
>
> (c) it is actuated, at least in part, by a purpose to serve the master; and
>
> (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.
>
> . . . [T]the "[c]onduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master."

*Id.* at 892-93 (second alteration in original) (citation omitted).

[3] Here, I disagree slightly with the Majority, which would look not just to whether Gaydos acted within the scope of his employment with ACS at the time of the alleged acts or omissions, but whether he also acted in the course of his employment—*i.e.*, a course and scope inquiry. (Maj. Op. at 16.) As noted above, statutory vicarious liability for employers under the Act looks only to scope of employment. I confine my analysis to this statutory text. As for *Apple v. Reichert*, 278 A.2d 482 (Pa. 1971), which the Majority discusses extensively, I find *Apple* to be instructive but not dispositive here. The facts in *Apple* were (…continued)

Court has recognized as the bedrock of Pennsylvania's workers' compensation scheme. *See Herold*, 329 A.3d at 1182-83.

---

so undisputed that the Court had no qualms about concluding that the driver and injured passenger in the vehicle were in the same employ at the time of the accident. *Apple*, 278 A.2d at 484. If forced to consider the scope of the driver's employment at the time, the Court in *Apple* held that its decision to afford co-employee immunity under the Act in that case would not change: "[W]e could still not conclude that appellee was acting outside of the scope of her employment at the time of the accident." *Id.* The factual disputes in this case, unlike *Apple*, require a closer examination of what it means to be a co-employee for purposes of Section 205 of the Act immunity. As stated above, I believe the factual inquiry should turn on scope of employment.