671 A.2d 760

**Frederick J. ALBRIGHT and Nancy J. Albright, Appellants,**

v.

**Robert FAGAN, Appellee.**

Superior Court of Pennsylvania.

Submitted Nov. 27, 1995.

Filed Feb. 20, 1996.

Alan R. Krier, Altoona, for appellants.

Ralph M. Monico, Hollidaysburg, for appellee.

Before WIEAND, TAMILIA and OLSZEWSKI, JJ.

WIEAND, Judge:

The issue in this appeal is whether Robert Fagan, the defendant-appellee, is immune from tort liability under the Workers' Compensation Act [1] for injuries allegedly sustained by plaintiff-appellant, Frederick Albright, when Fagan's motor vehicle struck appellant in the employee parking lot at the end

---

1. Act of June 2, 1915, P.L. 736, § 101, as amended and reenacted, 77 P.S. § 1 et seq.

of the workday. Summary judgment was granted in favor of Fagan. The plaintiffs appealed. We affirm.

On October 9, 1992, Frederick Albright had finished his shift and had begun walking toward his automobile in the F.L. Smithe Machine Company parking lot. He reached the parking lot by descending a flight of stairs which led directly from the work dock to the parking lot. As Albright proceeded along the rows of cars, a vehicle emerged from its parking space and accidentally struck him, thereby causing injury. Robert Fagan, the operator of the offending vehicle, was also employed by the company and was preparing to exit the employer's premises after completing his shift. Albright filed a claim for worker's compensation benefits against his employer and also the instant civil action against Fagan.[2] Albright's civil complaint alleged that Fagan's conduct had been negligent, but not intentional. Therefore, Fagan asserted that he was immune from liability because the accident had occurred during the course of employment. The trial court determined that Fagan was immune from liability under the Workers' Compensation Act. Thus, the court determined that Albright's exclusive remedy was provided by the Act and granted summary judgment in favor of defendant-appellee. This appeal followed.

■ The applicable standard of review has been stated as follows:

> Summary judgment is properly granted where 'the pleadings, depositions, answers to interrogatories, and admission[s] on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law'. . . . 'The record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party'. . . . Summary judgment may be entered

2. The status of appellant's claim for worker's compensation benefits is that the claim "ha[s] been denied and [is] currently in litigation." (Plaintiff's Response to Motion for Summary Judgment). No other information about the claim is provided in this record.

only in those cases where the right is clear and free from doubt.

*Ducjai v. Dennis,* 540 Pa. 103, 113, 656 A.2d 102, 107 (1995), quoting *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 144–145, 615 A.2d 303, 304 (1992). "Whether a claimant is acting within the course and scope of employment at the time of injury so as to fall within the Act's coverage is a question of law to be determined on the basis of findings of fact." *Wasserman v. Fifth & Reed Hospital,* 442 Pa.Super. 563, 570, 660 A.2d 600, 604 (1995).

The parties agree that Frederick Albright and Robert Fagan were employees of F.L. Smithe Machine Company, and that the accident occurred on their employer's premises shortly after both men had clocked out of work. Appellant contends that the Workers' Compensation Act does not immunize Fagan from liability, even if appellant's injuries are compensable under the Act, because Fagan was not furthering the interests of his employer when his vehicle struck appellant. Thus, appellant argues, the summary judgment granted in favor of Fagan must be reversed. We disagree.

"Where an employee's injury is compensable under the Act, the compensation provided by the statute is the employee's exclusive remedy against his or her employer." 77 P.S. § 481(a). "Thus, an injured employee cannot maintain a tort action against his or her employer if the injury is compensable under the provisions of the Act." *Gertz v. Temple University,* 443 Pa.Super. 177, 181–82, 661 A.2d 13, 15 (1995). Where an employee's injury is compensable, the exclusivity provision of the Act immunizes fellow employees from liability for their negligence. See: 77 P.S. § 72. "If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong." 77 P.S. § 72. Moreover, "worker's compensation benefits are the sole and exclusive remedy available to employees injured in a motor vehicle accident in the course and scope of their employment."

*Ducjai v. Dennis,* 431 Pa.Super. 366, 368, 636 A.2d 1130, 1131 (1994) (en banc), *aff'd,* 540 Pa. 103, 656 A.2d 102 (1995).

The Act provides that an injury arising in the course of employment includes:

all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

77 P.S. § 411(1). In this regard, the Superior Court has observed:

An employee who is injured on the employer's premises while not engaged in the furtherance of the business or affairs of the employer must satisfy three conditions in order for the injury to be compensable under the Act:

It must be shown that the injury was caused by the condition of the premises or by the operation of the employer's business; that the injured employee, though not so engaged, was in fact injured upon the employer's premises; and the employee's presence thereon was required by the nature of the employment.

*Wasserman v. Fifth & Reed Hospital, supra* at 573, 660 A.2d at 606, quoting *Tatrai v. Presbyterian University Hospital,* 497 Pa. 247, 253, 439 A.2d 1162, 1165 (1982). "[E]ven though not actually engaged in the employer's work, an employee will be considered to have suffered an injury in the course of employment if the injury occurred on the employer's premises at a reasonable time before or after the work period." *Motion Control Ind. v. W.C.A.B. (Buck),* 145 Pa.Cmwlth. 399, 405, 603 A.2d 675, 678 (1992), quoting *Newhouse v. W.C.A.B. (Harris Cleaning Service, Inc.),* 109 Pa.Cmwlth. 96, 100, 530 A.2d 545, 547 (1987). "[A] parking lot can be so related to the carrying on of the employer's business as to constitute an integral part of its operations that accidents occurring thereon are compensable." *Epler v. North American Rockwell Corp.,* 482 Pa. 391,

396, 393 A.2d 1163, 1165 (1978). See also: *Ingersoll–Rand Co. v. W.C.A.B.*, 12 Pa.Cmwlth. 502, 316 A.2d 673 (1974); *Shaffer v. Somerset Community Hospital*, 205 Pa.Super. 419, 211 A.2d 49 (1965); *Workmen's Compensation Appeal Board v. L.L. Stearns & Sons*, 20 Pa.Cmwlth. 244, 250, 341 A.2d 543, 546 (1975). Compare: *Biddle v. W.C.A.B. (Thomas Mekis & Sons, Inc.)*, 539 Pa. 343, 652 A.2d 807 (1995); *Gertz v. Temple University, supra* at 182–84, 661 A.2d at 16. "Under established law of this jurisdiction any injury occurring to an employee up until the time he leaves the premises of the employer, provided that it is reasonably proximate to work hours, is compensable." *Epler v. North American Rockwell Corp., supra* at 397, 393 A.2d at 1165.

▮▮▮▮▮ Instantly, appellant and Fagan were co-employees at F.L. Smithe Machine Co. They had both completed their workday shortly before the accident and were in the process of exiting their employer's premises. In the process of exiting, each went to the employee parking lot. The employer had essentially directed which way they would go immediately after work by providing and maintaining the employee parking lot. Thus, the parking lot constituted an integral part of the employer's business. *Epler v. North American Rockwell Corp., supra* at 396, 393 A.2d at 1165. Moreover, the danger inherent in traversing between rows of cars which may be moving in and out of parking spaces is a condition of the premises. Fagan reached his car first. As Fagan caused his vehicle to back out of its parking space, his vehicle struck appellant who had been walking between the rows of cars to reach his own vehicle. There is no evidence of record to suggest that the alleged injury sustained on the employer's premises was other than work-related. See: *Kohler v. McCrory Stores*, 532 Pa. 130, 136, 615 A.2d 27, 30 (1992) (there is a rebuttable presumption that an injury is work-related where it occurs on the employer's premises.) Compare: *Dana Corp. v. W.C.A.B. (Gearhart)*, 120 Pa.Cmwlth. 277, 280, 548 A.2d 669, 670 (1988) (injury sustained in employee parking lot after work was not sustained in the course of employment where employee had voluntarily delayed in exiting the premises.) Under these circumstances, the trial court correctly

determined that appellant was acting within the scope of his employment when the accident occurred. *Epler v. North American Rockwell Corp., supra* at 397, 393 A.2d at 1166; *Motion Control Ind. v. W.C.A.B. (Buck), supra; Newhouse v. W.C.A.B. (Harris Cleaning Service, Inc.), supra.* Therefore, the injuries allegedly sustained by appellant are compensable under the Workers' Compensation Act as a matter of law. See: 77 P.S. § 72; *DeLong v. Miller,* 285 Pa.Super. 120, 123–124, 426 A.2d 1171, 1171–1172 (1981). The Act protects "all co-employes in all situations where negligent conduct of one employe may cause injury to a fellow employe, provided only that the injury in question is one that is compensable under the Act." *Apple v. Reichert,* 443 Pa. 289, 294, 278 A.2d 482, 485 (1971).

Accordingly, summary judgment granted in favor of defendant-appellee *Fagan* is affirmed.

Affirmed.