**Stack  v.  Swientisky**

C.P. of Lackawanna County, no. 95 CIV 1734.

*Nicholas E. Fick,* for plaintiff.
*Michael K. Duricko,* for defendant.

MUNLEY, *J.,* June 25, 1997—

## AMENDED OPINION

Before the court for disposition is the defendant's motion for summary judgment. The plaintiff is Drew E. Stack, and the defendant is Matthew C. Swientisky. Oral argument has been heard and briefs submitted. This controversy involves an issue of first impression.

The facts giving rise to the instant motion are as follows: The plaintiff, during the scope of his employment, slipped and fell on some snow and ice while retrieving the mail for his employer. Plaintiff subsequently initiated two legal proceedings to recover for his injuries, a workers' compensation action against his employer, Design Spot Inc., and the present tort action against Swientisky, the owner of the property where he fell. Plaintiff alleges that defendant, as the owner of the property occupied by Design Spot Inc., is liable for his injuries by negligently allowing hills and ridges of ice and snow to exist on the sidewalk. Defendant filed the present motion for summary judg-

ment contending that he is the president and sole shareholder of Design Spot Inc. and as such he was in fact the plaintiff's employer at the time of the accident; therefore, he is now immune from suit based upon the workers' compensation exclusivity provisions.

Under Pennsylvania law, "[s]ummary judgment is properly granted where the pleadings, depositions, answers to interrogatories, and admission[s] on file, together with the affidavits, if any, show that there is no issue of material fact and that the moving party is entitled to judgment as a matter of law." *Albright v. Fagan,* 448 Pa. Super. 395, 398, 671 A.2d 760, 761-62 (1996); Pa.R.C.P. 1035(a).

The defendant alleges that no questions of material fact exist and he is entitled to judgment as a matter of law under the Workers' Compensation Act which provides:

"The liability of an employer under this Act shall be exclusive and in place of any and all other liability to such employes . . . in any action at law or otherwise on account of any injury or death. . . ." 77 P.S. §4811(a) (Purdon's 1997).

However, the law further provides: "In the event injury to an employe is caused by a third party, then such an employe . . . may bring their action at law against such third party . . . ." *Id.* at (b).

Defendant contends that as an employer section 481(a) applies, and he is immune from suit. Plaintiff maintains that section 481(b) is applicable since the defendant is being sued in his individual capacity, not as the corporation, and it is proper to bring suit against him as a third party. The central question before us therefore is whether workers' compensation immunity extends to one owning a controlling interest in the employer corporation. In other words, the defendant urges

us to pierce the corporate veil and treat him, the sole shareholder, the same as the corporation. After careful consideration, we find that we cannot.

Our review of the case law has found no Pennsylvania appellate court decisions which have addressed the issue which is now before us. However, the law is clear regarding when courts may "pierce the corporate veil." The general rule in Pennsylvania is that a corporation and its sole shareholder are held to be separate and distinct entities. *Yellow Cab Co. v. Public Utility Commission,* 673 A.2d 1015, 1018 (Pa. Commw. 1996).

"The corporate entity or personality will be disregarded *only* when the entity is used to defeat public convenience, . . . protect fraud [and] defend [a] crime. . . .

"In applying this test, however, any court must start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception. . . . Care should be taken on all occasions to avoid making 'the entire theory of the corporate entity *** useless.' " *Wedner Unemployment Compensation Case,* 449 Pa. 460, 464, 296 A.2d 792, 794-95 (1972). (emphasis in original) (citations omitted) See also, *Kiehl v. Action Manufacturing Co.,* 517 Pa. 183, 535 A.2d 571 (1987).

*Kiehl, supra,* while not directly on point, is helpful in analyzing the case sub judice. In *Kiehl,* the Pennsylvania Supreme Court dealt with the issue of whether a parent corporation is immune from suit brought by an employee of its wholly owned subsidiary corporation. The parent corporation argued that as the owner of the employer corporation, it was also the employer for purposes of workers' compensation immunity.

The court characterized the defendant's argument as an attempt to "pierce its corporate veil" and applying

the law as stated above, ruled that the parent corporation could be sued in a third party suit brought by an employee of the subsidiary corporation. The court reasoned that the corporate entity had been chosen as the form of business organization by the defendant so as to gain its economic benefits. The defendant could not thereafter attempt to ignore its corporate status so as to escape the burdens of the corporate form.

The case sub judice is similar to *Kiehl* in that the defendant is asking us to "pierce the corporate veil" and treat him as the corporation, and thus the employer, for the purpose of immunity under the workers' compensation law. As set forth above, we may only do this when the corporation is being used to defeat public convenience, justify wrong, protect fraud or defend crime. None of these situations exist here. The defendant cannot be allowed to accept the benefits of incorporation while denying its burdens.

For the above-mentioned reasons, we find that the defendant and Design Spot Inc. are two separate and distinct entities for the purpose of immunity under the workers' compensation law.[1] Hence, defendant's motion for summary judgment must be denied. An appropriate order follows.

## ORDER

And now, June 25, 1997, defendant's motion for summary judgment is hereby denied.

---

1. While Pennsylvania courts have not yet ruled on immunity from suit for sole shareholders of corporations, the majority of states which have dealt with this issue have come to the same conclusion we have reached today. *Workers' Compensation Immunity Shareholder,* 30 A.L.R.4th 948.