**Paul DENNIS, Appellant,**

v.

**KRAVCO COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 4, 2000.

Filed Oct. 26, 2000.

Robert P. Snyder, King of Prussia, for appellant.

Nancy E. Campbell, Philadelphia, for appellee.

BEFORE: STEVENS, LALLY-GREEN, and OLSZEWSKI, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the order entered in the Court of Common Pleas of Montgomery County granting Appellee Kravco Company's motion for summary judgment and dismissing Appellant Paul Dennis' complaint in an action for personal injuries. The trial court's order is based on its conclusion that Mr. Dennis' injuries were sustained during the course of his employment, and, therefore, Kravco Company is immune from any negligence claims pursuant to The Pennsylvania Workers' Compensation Act, 77 P.S. §§ 1–

2626. On appeal, Mr. Dennis contends that he was merely a pedestrian when he was injured, that he was not injured during the course of his employment, and, therefore, he is permitted to pursue a tort claim against Kravco Company. We affirm.

¶ 2 Our scope of review is plenary when reviewing the propriety of a lower court's entry of summary judgment. *Schriver v. Mazziotti*, 432 Pa.Super. 276, 638 A.2d 224 (1994). Pursuant to Pennsylvania Rule of Civil Procedure 1035.2, summary judgment shall be rendered whenever there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] We must examine the entire record in the light most favorable to the non-moving party and resolve all doubts against the moving party when determining if there is a genuine issue of material fact. *Schriver, supra.*

¶ 3 The undisputed material facts are as follows: On December 15, 1995, between 5:45 a.m. and 6:00 a.m., Mr. Dennis left his residence in Philadelphia and took his normal route to work by public bus. A few steps after he exited the bus, Mr. Dennis fell on an icy sidewalk, which was adjacent to a shopping center in King of Prussia, Pennsylvania, thereby sustaining serious injury. On the date in question, Kravco Company, who was Mr. Dennis' employer,[2] owned, possessed, and/or controlled the sidewalk and was specifically responsible for snow/ice removal.

¶ 4 On January 14, 1998, Mr. Dennis filed a civil complaint alleging, *inter alia,* that he was entitled to monetary damages because Kravco Company allegedly failed to maintain, inspect, or take reasonable steps to warn pedestrians with regard to the icy sidewalk. On May 22, 1998, Kravco Company filed an answer with new matter, and, following discovery, on September 21, 1999, Kravco Company filed a motion for summary judgment alleging that Mr. Dennis was barred from recovery under The Pennsylvania Workers' Compensation Act (the Act) since he fell during the course of his employment, and, therefore, Kravco Company was entitled to summary judgment as a matter of law. Mr. Dennis filed an answer to Kravco Company's motion for summary judgment, and, following a review of the record, the trial court granted Kravco Company's motion on March 6, 2000. Specifically, the trial court found that Mr. Dennis fell during the course of his employment, and, therefore, he was barred from recovery under the Act.

¶ 5 On April 4, 2000, Mr. Dennis filed a timely appeal to this Court. The trial court ordered Mr. Dennis to file a Statement pursuant to Pa.R.A.P.1925(b), Mr. Dennis filed the requested statement, and the trial court filed an opinion.

¶ 6 In 1915, the [Act] was established to provide a remedy for work-related injuries. *Gertz v. Temple University*, 443 Pa.Super. 177, 661 A.2d 13, 14 (1995) (citation omitted).

> As part of the quid pro quo of [the Act], an employee surrenders the right to sue an employer in tort for injuries received in the course of employment to obtain the benefit of strict liability. 77 P.S. § 481(a). If an injury is compensable under the Act, the compensation provided by th[e] Act is the employee's exclusive remedy.

*Wasserman v. Fifth & Reed Hospital*, 442 Pa.Super. 563, 660 A.2d 600, 604 (1995) (citations omitted). Thus, an injured employee cannot maintain a tort action against his or her employer if the injury is compensable under the provisions of the Act. *Gertz*, 661 A.2d at 15.

---

1. Summary judgment may also be granted where the adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action. Pa.R.A.P. 1035.2. This portion of Rule 1035.2 is not at issue in this case.

2. Mr. Dennis worked in Kravco Company's maintenance department.

¶ 7 In order to be compensable under the Act, an injury must arise in the course of employment and be related thereto. *Wasserman, supra.* The phrase 'injury arising in the course of employment' is defined by the Act as follows:

> [A]ll other injuries sustained while the employe[e] is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and . . . all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe[e], who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe[e]'s presence thereon being required by the nature of his employment.

77 P.S. § 411(1). Essentially, there are two ways in which an injury may arise out of the course of employment relevant to the within case. First, the employee was actually furthering the employer's business or affairs when the injury occurred, or, second, the employee was injured by a condition on a portion of the employer's premises where his/her presence was required.

¶ 8 Here, the parties do not dispute, and the trial court concluded, that Mr. Dennis' injury was not sustained while he was furthering Kravco Company's business or affairs. At issue is whether the second clause of the statutory definition has been met.

■ ¶ 9 Pursuant to the second clause of the statutory definition, a compensable injury occurs when the employee: (1) is on the employer's premises, (2) is required to be present on the premises by the nature of his or her employment, and (3) sustains an injury caused by a condition on the premises. *Gertz*, 661 A.2d at 15 (citations omitted). The fact that an employee has not started or finished his actual work is immaterial if at the time of the accident, he is in fact on the premises of the employer. *Michrina v. Fetzer*, 8 Pa.Cmwlth. 273, 301 A.2d 924, 926 (1973) (quotation omitted).

¶ 10 Here, the trial court concluded that all three elements were met, and, therefore, concluded that Mr. Dennis was barred from tort recovery. On appeal, Mr. Dennis does not dispute that the first and third elements were met; that is, he was on a sidewalk possessed, owned, and/or controlled by Kravco Company, and he fell on an icy condition located on Kravco Company's premises. Rather, he argues that the second element was not met; that is, he alleges that he was not required to be present on the portion of the sidewalk where he fell by the nature of his employment. We disagree.

¶ 11 In analyzing whether Mr. Dennis was required to be present on the portion of the sidewalk where he fell, we are guided by numerous decisions filed by the appellate courts of this jurisdiction. For example, in *Eberle v. Union Dental Company*, 390 Pa. 112, 134 A.2d 559 (1957), the employee had just finished work, exited the building, and proceeded down the street to catch a train. Upon crossing a driveway that interrupted the sidewalk, the employee slipped and injured herself. The Pennsylvania Supreme Court held that the employee's presence was not required by the nature of his employment. The Supreme Court noted:

> [W]hen claimant stepped to the cement sidewalk at the foot of the stairs, as he left the building, his employment for the day terminated. On reaching the sidewalk claimant turned south to his right, but not because of anything further required of him 'by the nature of his employment'. . . . When he stepped on to the brick driveway the reciprocal obligations of claimant and the employer, each to the other, had been satisfied for the day. When injured, claimant was no more than a pedestrian . . . there was nothing in the nature of his employment which required him to walk upon the driveway.

*Eberle*, 390 Pa. at 113–114, 134 A.2d at 559–560 (citation omitted).

¶ 12 Similarly, in *Gertz*, *supra*, this Court held that an employee, who fell on a sidewalk while leaving her place of employment, was not on the sidewalk because of the nature of her employment. Specifically, this Court stated the following:

> Gertz had finished work for the day, exited from one of the many available hospital exits and proceeded down Watts Street to retrieve her car. As with the employee in *Eberle*, Gertz left work and proceeded in a direction wholly of her own choosing. She was not guided by anything related to her employment, and therefore was simply another member of the general pedestrian public.
>
> This situation is distinguishable from one where an employee is in or en route to an employer-provided parking lot.[3] When parking is provided, the employer has in essence directed which way the employee will go immediately after work. Unlike the claimant in *Eberle*, an employee with employer-provided parking is not going his or her own way as a member of the general pedestrian public, but rather is being directed to a predetermined location. When such direction is given, the employee's presence is 'required by the nature of his or her employer.' In the absence of such direction, the off-duty employee becomes a member of the general public and is no longer entitled to compensation under the Act.

*Gertz*, 661 A.2d at 15–16.

¶ 13 In *Workmen's Compensation Appeal Board v. L.L. Stearns & Sons*, 20 Pa.Cmwlth. 244, 341 A.2d 543 (1975),[4] the claimant/employee punched out of work, exited through the required employee exit, proceeded along the sidewalk abutting the store, and injured herself on a sidewalk extension just two or three minutes after she left the store. In deciding to allow recovery under the Act, the Commonwealth Court emphasized that it was the employer's...requirement of which door to use in leaving, which necessarily required the employee's presence outside the building on the sidewalk controlled by the employer. *Id.* at 346, 341 A.2d 543. Since the employer directed the path that the employee would take to leave work, the employee's presence on the sidewalk was required by the nature of her employment.

¶ 14 In *Michrina v. Fetzer*, 8 Pa. Cmwlth. 273, 301 A.2d 924 (1973), the claimant/employee was injured when she fell down a flight of steps as she was leaving work. The Commonwealth Court held that the steps were normally used by employees for ingress and egress, and, since the claimant was injured within a reasonable time after her shift ended, she was acting within the course of her employment when she fell down the steps.

¶ 15 In the case *sub judice*, Mr. Dennis testified as follows in his deposition dated June 18, 1998: Mr. Dennis' normal working hours were from 6:00 a.m. to 2:30 p.m. The shopping center at issue consisted of two separate buildings, the Plaza and the Court, and Mr. Dennis worked exclusively at the Court. On occasion, Mr. Dennis was responsible for spreading salt on the sidewalks around the shopping center, although he had never salted the area where he fell. On December 15, 1995, the day in question, Mr. Dennis and several of his co-employees took their normal route by bus, arriving between 5:45 a.m. and 6:00 a.m. After Mr. Dennis exited the bus, he took three or four steps towards the Court, and fell on the icy sidewalk. Mr. Dennis was required to punch a time clock and gather his supplies each morning at Kravco Company's maintenance shop, which was located on the outside of the shopping center.

---

3. In *Albright v. Fagan*, 448 Pa.Super. 395, 671 A.2d 760 (1996), this Court held that an employee's injury was in the course of employment when he was struck by a vehicle in the employer's designated parking lot.

4. Throughout this decision, we have cited several Pennsylvania Commonwealth Court cases. While we are not bound by the Commonwealth Court's decisions, the cases and analyses we have cited are applicable to the case *sub judice*.

There was only one entrance to the maintenance shop and only one sidewalk leading to the maintenance shop from the bus stop, which was the sidewalk on which Mr. Dennis fell. Clearly, Mr. Dennis was headed for the maintenance shop when he fell.

¶ 16 Based on all of the aforementioned, we conclude that Mr. Dennis was on the sidewalk by nature of his employment. Here, Kravco Company provided only one door, which the employees could use for punching in and gathering their supplies, and there was only one sidewalk leading to the maintenance shop from the bus stop. *See Fashion Hosiery Shops v. Workmen's Compensation Appeal Board*, 55 Pa.Cmwlth. 465, 423 A.2d 792 (1980) (holding that claimant who fell and slipped on part of the lessor's building's entranceway leading to common hallway that led to rear entrance to employer's lessee's hosiery shop was in the course of employment); *L.L. Stearns & Sons, supra*. It is clear that Mr. Dennis was traveling to the maintenance shop in order to begin working when he fell on the sidewalk. Although it may be true that before Mr. Dennis entered the store Kravco Company had no control over Mr. Dennis, it was Kravco Company's requirement as to where Mr. Dennis had to enter the maintenance shop which thus required Mr. Dennis' presence outside the building on the sidewalk controlled by Kravco Company.

> Granted ... [Kravco Company] might not be able to dictate to [Mr. Dennis] which way to turn on a public sidewalk [before] working hours, but when [Mr. Dennis] was placed outside the building by the requirements of h[is] employment and is immediately injured while on the employer's premises and under circumstances not wholly foreign to [Mr. Dennis'] employment, [Mr. Dennis was on the sidewalk by nature of his employment.]

*L.L. Stearns & Sons*, 341 A.2d at 546.

¶ 17 For all of the above reasons, we affirm the trial court's order granting summary judgment in favor of Kravco Company.

¶ 18 Affirmed.