**Roderick KULIK and Anita Kulik, Husband and Wife, Appellants**

v.

**Rose MASH, Appellee.**

Superior Court of Pennsylvania.

Argued July 21, 2009.

Filed Sept. 16, 2009.

Sharon F. Lehman, Wexford, for appellee.

Matthew L. Kurzweg, Philadelphia, for appellant.

BEFORE: KLEIN, ALLEN and COLVILLE *, JJ.

OPINION BY KLEIN, J.

¶ 1 Roderick Kulik[1] appeals from the Order granting Rose Mash's summary judgment on the ground that the claim is barred by the Workers' Compensation Act. We agree with the ruling of the trial judge, the Honorable Paul F. Lutty, Jr., and affirm.

---

* Retired Senior Judge Assigned to the Superior Court.

1. Anita Kulik is also a plaintiff on her derivative claim for loss of consortium.

¶ 2 Kulik arrived approximately 30 minutes early, for his job at Sears Roebuck & Co in Pittsburgh and was sleeping in his car until it was time to start his shift.[2] He claims that he was injured when another Sears employee, Rose Marsh, backed into his car while he was in it.

¶ 3 The issue turns on whether Kulik was in the scope of his employment at the time of the accident. He was in the parking lot furnished by the employer but was not in the process of walking to the building. However, he was just taking a cat nap because he arrived early and was doing nothing else other than waiting. We find that this is more akin to arriving at the parking lot and directly proceeding to the building than doing something else unrelated to work, such as shopping. Accordingly, we believe this case is barred by the Workers' Compensation Act. A full discussion follows.

**Discussion**

¶ 4 Several principals of law are clear. If an injury occurs within the scope of employment due to the negligence of a fellow employee who is also in the scope of his or her employment, any private tort action between employees is barred by the Workers' Compensation Act. *Jadosh v. Goeringer*, 442 Pa. 451, 275 A.2d 58 (1971); *Gardner v. Erie Insurance Company*, 456 Pa.Super. 563, 691 A.2d 459 (1997).

¶ 5 It is also clear that if there is a parking lot supplied by the employer and the injury occurs immediately as the employee alights from the vehicle on his or her way to the job, this is also covered by the Workers' Compensation Act and the

---

2. Kulik's shift began at 6:00 a.m., he arrived at Sears at approximately 5:30 a.m.

bar applies. In a similar case, this Court said

> [E]ven though not actually engaged in the employer's work, an employee will be considered to have suffered an injury in the course of employment if the injury occurred on the employer's premises at a reasonable time before or after the work period.

*Albright v. Fagan*, 448 Pa.Super. 395, 671 A.2d 760, 762 (1996), citing *Motion Control Ind. v. W.C.A.B.*, 145 Pa.Cmwlth. 399, 603 A.2d 675, 678 (1992). *See also Dennis v. Kravco Company*, 761 A.2d 1204 (Pa.Super.2000).

¶ 6 At the same time, there are also cases which hold that even if the employee is injured in the employee parking lot, if he or she is not going directly to the car but engaging in unrelated activities, such as shopping or delaying for several hours before going to the car for some other reason, this is not within the scope of employment.

## 1. Cases where there is no workers' compensation bar

¶ 7 Kulik refers to a number of cases to support his argument that he was not in the course and scope of his employment, more specifically he was not furthering his employer's business, and therefore is not barred from a tort action by the Workers' Compensation Act.

¶ 8 *Kmart Corporation v. WCAB (Fitzsimmons)*, 561 Pa.111, 748 A.2d 660 (2000), dealt with an employee who was injured on her lunch break in a public restaurant located on the employer's premises. The employee was not furthering her employer's business and so was not entitled to benefits.

¶ 9 *Morris v. WCAB (Walmart Stores, Inc.)*, 879 A.2d 869 (Pa.Cmwlth.2005), involved a woman scheduled to begin work between 5:00 and 6:00 p.m. but arrived at the store in the early afternoon with her daughters to go shopping. While shopping, Morris slipped and fell in the store. She was not considered to be in course of her employment and so was denied compensation.

¶ 10 *Dana v. WCAB (Gearhart)*, 120 Pa. Cmwlth.277, 548 A.2d 669 (1988), involved a man whose shift had ended and was attempting to help a co-employee start his car. He was injured while attempting to push the vehicle. While the Workers' Compensation Board found that Dana was in the course of employment, the Commonwealth Court reversed, holding that Dana was not furthering his employer's business at the time of the accident.

¶ 11 *Giebel v. WCAB and Sears, Roebuck & Co.*, 41 Pa.Cmwlth. 333, 399 A.2d 152 (1979), dealt with a situation where the claimant slipped and fell while in the store. She was, however, shopping during her lunch hour. This was not in the course of her employment so she was not entitled to coverage.

¶ 12 *Anzese v. WCAB and Strick Corp.*, 35 Pa.Cmwlth. 256, 385 A.2d 625 (1978), involved one of the more bizarre circumstances of injury. Anzese was leaving work, driving his motorcycle out of the parking lot when he was struck by lightning and killed. The Commonwealth Court determined that Anzese was not killed in course of his employment because the death was not related to the condition of the premises or the operation of the employer's business.

■ ¶ 13 These cases undeniably have a resemblance to the present case. They also rely on the *Slaugenhaupt* test[3], a

---

**3.** Kulik advocates the application of the *Slau-

genhaupt (WCAB (Slaugenhaupt) v. U.S. Steel*

three-part test to determine the applicability of Workers' Compensation benefits. However, we find the logic of the line of cases cited by Mash and the trial court to be more compelling.

### 2. Cases where there is a workers' compensation bar

¶ 14 *Albright, supra,* involved co-workers who were in the company provided parking lot after work. Fagan was backing his car out of its parking spot and negligently hit Albright. Our Court determined the injury was compensable under Workers' Compensation because the injury occurred in the company provided parking lot immediately following work. We stated: "[E]ven though not actually engaged in the employer's work, an employee will be considered to have suffered an injury in the course of employment if the injury occurred on the employer's premises at a reasonable time before or after the work period." *Id.* at 762–63.

¶ 15 *Dennis, supra,* reached a similar conclusion in a case where the employee slipped and fell on the icy sidewalk walking from the bus stop to his place of work. Our Court stated in finding coverage:

> Granted ... [Kravco Company] might not be able to dictate to [Mr. Dennis] which way to turn on a public sidewalk [before] working hours, but when [Mr. Dennis] was placed outside the building by the requirements of h[is] employment and is immediately injured under circumstances not wholly foreign to [Mr. Dennis'] employment ...

*Id.* at 1208 (quoting *WCAB v. L.L. Stearns & Sons,* 20 Pa.Cmwlth. 244, 341 A.2d 543, 546 (1975)). The opinion further noted: "When parking is provided, the employer has in essence directed which way the employee will go immediately after work." *Id.* at 1207. We believe this applies equally to an injury suffered immediately prior to work as well.

¶ 16 *Allegheny Ludlum Corp. v. WCAB (Hines),* 913 A.2d 345 (Pa.Cmwlth.2006), provides the most complete explanation of the relevant law. Hines was killed by a drunk driver while walking on a public sidewalk towards the plant gate prior to work. The Commonwealth Court upheld the Board's award of benefits, finding Hines was in the course of employment because the injury occurred on the employer's premises at a reasonable time prior to work.

¶ 17 Notably, the employer—the losing party—in that case cited many of the same cases on which Kulik now relies to demonstrate that the employee was not furthering the business of the employer. The Commonwealth Court stated:

> We agree with Employer that on their bare facts, these holdings [*Giebel, Strick* and *Fitzsimmons* ] are difficult to reconcile with the Board's holding here. What Employer fails to appreciate, however, is that in all the cases it cites, the issue of whether the claimant was furthering the business of the employer at the time of the injury was never raised. Instead, the only issue was whether the claimant was entitled to benefits under the three-part *Slaugenhaupt* test because it was conceded that the claimant

*Corp.,* 31 Pa.Cmwlth.329, 376 A.2d 271 (1977)) test in this matter. See Appellant's Brief at 8–9. The *Slaugenhaupt* test is a three-part test requiring a claimant to show: he or she (1) was on the premises occupied or controlled by the employer, or upon which the employer's business is being carried out; (2) must be required by the nature of his employment to be present on the premises; and (3) must sustain the injuries caused by the condition of the premises or by operation of the employer's business or affairs thereon. *Id.* at 273.

was not furthering the employer's business at the time of the injury. Further, Employer fails to appreciate that the three-part *Slaugenhaupt* test is not the one to apply simply because the employee has not yet punched in at the moment of injury.

This Court has established that '[even though not actually engaged in employer's work], an employee will be considered to have suffered an injury 'in the course of employment' if the injury occurred on the employer's 'premises' at a reasonable time before or after the work period. We held that arrival 15 to 30 minutes prior to the time a claimant is to begin work is a "reasonable time" and, therefore, during that time the claimant is considered to be advancing the employer's business. We have explained that once an employee is on the Employer's premises, actually getting to or leaving the employee's work station is a necessary part of that employee's employment, and thus, definitively furthering the employer's interest.

*Id.* at 349.

¶ 18 We feel this statement of the law applies to the present situation. The *Slaugenhaupt* test is still an applicable test, but it is not a test to be used in this circumstance. Thus, Kulik is subject to the Workers' Compensation bar against private recovery.

**Conclusion**

██ ¶ 19 The only issue before the court in this case revolves around the particular circumstances of the case. Kulik arrived at work at about 5:30 a.m. for his 6:00 a.m. shift. Rather than going directly in to the store, he dozed off in his car. At about 5:45 a.m., his car was hit by Mash's car.

¶ 20 We agree with the trial court and *Hines* that this is a "reasonable time" before work. If Kulik had arrived fifteen minutes later and got out of his car to go to the store, there clearly would be a Workers' Compensation bar. Just because he arrived early, perhaps because traffic was not as bad as expected, and he took advantage of his early arrival to take a catnap, this does not mean he was off on some enterprise of his own before going to work. He did nothing extraordinary before heading into work. The vicissitudes of traffic should not make the difference as to whether or not there is a bar. Here, this was a reasonable time before the shift started and Kulik did nothing extraordinary that would take this out of the Workers' Compensation bar.

¶ 21 Kulik argues that *Hines, et al,* are not applicable because in those cases the claimants were actively moving to or from work, which was not the case presently. While that is a tempting argument, for the reasons stated above, we cannot accept the argument. Additionally, the line drawn by Kulik, requiring motion to be covered by Workers' Compensation draws too fine a line. Under Kulik's application, a worker in the parking lot just prior to the start of his or her shift, who waits briefly in the car to listen to the end of a song would not be covered by Workers' Compensation, while the person who immediately alights from the car and is injured would be covered. A person who stops for a moment to talk to a friend would not be covered while the people who walk and talk would be covered. This simply invites petty line drawing that serves no useful purpose.

██ ¶ 22 We feel the rule, as it stands, that a person on the employer's premises a reasonable time before or after work is considered to be within the course of employment. *Hines, supra.*

¶ 23 Order affirmed.