NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3485
_____

STEPHEN BODNAR, Individually and t/d/b/a Stephen Bodnar Masonry,
DANIELLE BERRY, Individually and as Administratrix of the
Estate of James Berry,

Appellants

v.

NATIONWIDE MUTUAL INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-12-cv-01337)
District Judge: Honorable Robert D. Mariani
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 20, 2016

Before: McKEE∗, *Chief Judge*, HARDIMAN, and RENDELL, *Circuit Judges*.

(Filed: October 4, 2016)

_____

∗ Judge McKee was Chief Judge at the time this appeal was submitted. Judge McKee
completed his term as Chief Judge on September 30, 2016.

_____

OPINION[**]

_____

HARDIMAN, *Circuit Judge*.

Stephen Bodnar and Danielle Berry appeal the District Court's summary judgment

in favor of Nationwide Mutual Insurance Company. We will affirm.

I

In April 2010, Stephen Bodnar owned a masonry business that was developing land

in Luzerne County, Pennsylvania, for the purpose of opening a campground. Bodnar paid

James Berry to work at the site. Both men were digging a trench for a sewer line when the

sides of the trench collapsed. Bodnar survived, but Berry died from his injuries.

After the accident, Berry's widow Danielle sued Bodnar and the campground.

Bodnar was insured under a commercial general liability policy with Nationwide and filed a

claim with the company for indemnification. Nationwide hired a lawyer to defend Bodnar in

the underlying lawsuit.

While that lawsuit was pending, Nationwide investigated Bodnar's claim to

determine whether it owed coverage, which depended on whether Berry had been working

for Bodnar as an employee or as a temporary worker. If the former, the policy would not

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

cover Berry because employees were specifically excluded under the insurance policy. If Berry was a temporary worker, however, the policy would cover him.

Nationwide's claim file included conflicting information about Berry's status. Some evidence suggested Berry was an employee: Nationwide learned that Bodnar's workers' compensation insurer was investigating a possible workers' compensation claim; OSHA reports identified Bodnar as Berry's employer; and Bodnar issued compensation checks and payroll documents to Berry after the accident. However, other evidence suggested that Berry was a temporary worker, including statements from Bodnar.

To determine its obligations under the policy, Nationwide filed a declaratory judgment action in the Luzerne County Court of Common Pleas in August 2011. As part of that action, Nationwide took Bodnar's deposition in March 2012. Bodnar testified that Berry was a temporary worker and not an employee because Berry brought his own tools to work, Berry only planned to work with Bodnar for a few weeks, and Bodnar did not pay Berry like a regular employee. In February 2013, Nationwide discontinued its declaratory judgment action, and paid Danielle Berry the policy limit of $1 million, plus interest.[1]

Meanwhile, in June 2012, Bodnar and Berry filed this action, alleging that Nationwide handled Bodnar's claim for indemnification in bad faith and breached its

---

[1] Bodnar and Danielle Berry entered a settlement agreement in August 2012, whereby Bodnar agreed to pay Berry the $1 million limit of his insurance policy, with accrued interest, and to transfer his interests in the policy to her. In return, Berry agreed to indemnify Bodnar from any further liability or claims.

contractual duty of good faith and fair dealing. After discovery, Nationwide filed a motion for summary judgment. The District Court heard oral argument and granted Nationwide's motion. The Court found that the undisputed facts of record did not support bad faith or a breach of the duty of good faith and fair dealing. The Court explained: "The claims file reflects information that indicates that Berry variously could have been an employee, a temporary worker, or independent contractor. . . . Plaintiffs may not like how the claim was handled, but it cannot be said that Nationwide breached any duty under these facts." App. 35–36. Appellants moved for reconsideration, which was denied. This timely appeal followed.

## II[2]

In the insurance context, "bad faith" means "any frivolous or unfounded refusal to pay proceeds of a policy." *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994) (quoting *Black's Law Dictionary* 139 (6th ed. 1990)); *see* 42 Pa. C.S.A. § 8371 (providing a remedy for bad faith). Bad faith must be demonstrated by clear and convincing evidence, even on summary judgment. *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 523 (3d Cir. 2012). "A reasonable basis is all that is required to defeat a claim of bad faith." *Id.* (citation omitted). Moreover, "mere negligence or bad judgment

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1332, and we have appellate jurisdiction under 28 U.S.C. § 1291.

4

does not constitute bad faith; knowledge or reckless disregard of a lack of a basis for denial of coverage is necessary." *Id.* (citation omitted). Because Nationwide ultimately paid the full policy limit, Appellants' bad faith claim is based on the company's investigation of Bodnar's claim. *See Rancosky v. Wash. Nat'l Ins. Co.*, 130 A.3d 79, 94 (Pa. Super. 2015) ("Bad faith conduct includes lack of good faith investigation into the facts.").

Appellants argue that Nationwide failed to conduct an unbiased investigation in good faith. They first argue that Nationwide had a "predisposition toward denial," and "focused upon exclusion and accepted no facts contrary to its initial conclusion." Bodnar Br. 18, 30. As the District Court correctly observed, however, the claims file showed that Nationwide evaluated Bodnar's claim, consulted with legal counsel, and tried to determine whether Berry was an employee or a temporary worker. Rather than denying the claim, Nationwide filed a declaratory judgment action and asked a court to adjudicate Berry's employment status to determine whether there was coverage. And Nationwide ultimately paid the policy's liability limit, which demonstrated its willingness to consider new evidence and adjust its position. In any event, Nationwide had the right to investigate Bodnar's claim and determine whether it was covered under the policy, regardless of whether Nationwide initially sought to exclude the claim. *See Post*, 691 F.3d at 523 ("[A]n insurer does not act in bad faith by investigating and litigating legitimate issues of coverage." (citation omitted)).

Appellants also argue that the insurance policy had no definition of "employee" and no reasonable method to define the exclusion. Although the policy states that an employee

5

includes a leased worker and does not include a temporary worker, Nationwide mainly relies on state case law to determine the employment status of workers. As the District Court explained, there is nothing wrong with relying on state law to define a term. *See, e.g.*, *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 292 (Pa. 2007) (interpreting undefined term in insurance policy according to Pennsylvania common law). Nor did Nationwide act in bad faith by seeking a determination of its coverage obligations under Pennsylvania law. After investigating Bodnar's claim, Nationwide properly filed a declaratory judgment action to resolve legal ambiguities.

Appellants next argue that Nationwide acted in bad faith by asserting a defense in the declaratory judgment action adverse to Bodnar's interests. Specifically, they argue that Nationwide's decision to assert a workers' compensation defense might have left Bodnar without any liability coverage. As Nationwide points out, however, if Berry were found to be Bodnar's employee, Pennsylvania's Workers' Compensation Act would have provided the "exclusive remedy" for Danielle Berry's claims. *Albright v. Fagan*, 671 A.2d 760, 762 (Pa. Super. 1996) (citing 77 P.S. § 481). As a result, although Mrs. Berry might have been unable to recover damages if the workers compensation carrier denied coverage, Bodnar himself would have been immune from further liability. *See id.* The District Court therefore did not err in rejecting this argument.

Finally, Appellants contend that Nationwide acted in bad faith by reversing course after it began its investigation. The claims file indicates that Nationwide first reached a

consensus that Berry was a temporary worker, but then decided to file a declaratory judgment action a few days later. Appellants argue that this "about-face" was unreasonable. Bodnar Br. 45. We disagree. As an initial matter, Nationwide consulted with in-house legal counsel before deciding to file a declaratory judgment action, which demonstrates ongoing consideration of Bodnar's claim. Moreover, given the ambiguities surrounding Berry's employment status, it was reasonable for Nationwide to seek declaratory relief.

For these reasons, we agree with the District Court that Appellants failed to show by clear and convincing evidence that Nationwide acted unreasonably in the manner it handled Bodnar's claim. And Appellants' breach of contract claim, which is based on a breach of the duty of good faith, fails for the same reasons. Accordingly, the District Court did not err in granting Nationwide's motion for summary judgment.