J-A27001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RUTH EVANS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL HOSTETTER AND | : | No. 39 MDA 2022 |
| BENJAMIN LEPPER | : | |

Appeal from the Order Entered November 30, 2021
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2018-CV-03269-CV

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 17, 2023**

Appellant, Ruth Evans, appeals from the order entered by the Dauphin County Court of Common Pleas on November 30, 2021, sustaining Appellees', Michael Hostetter and Benjamin Lepper, preliminary objections in the nature of a demurrer and dismissing Appellant's Second Amended Complaint.  After review, we are constrained to affirm the trial court's conclusion that the coworker immunity provision of the Workers' Compensation Act ("WCA"),[1] 77 P.S. § 72, bars Appellant's claims.

Appellant avers that she suffered injuries on December 26, 2017, while working as a security officer at Hershey Entertainment and Resorts ("Hershey").  She claims that, while on her way to clock out of her shift,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1-1041.4, 2501-2710.

Appellees "ran into her and landed on top of her causing serious and permanent injuries."[2]  She contends that her injuries were "proximately caused by the negligent conduct of [Appellees,]" which involved "wildly running about and horsing around[.]"[3]  As a result of her injuries, Appellant could not work for four months and returned to only limited duty, "which negatively affected her income."[4]  Appellant acknowledges that she received Workers' Compensation benefits and noted that "any recovery in this action" would be subject to a lien for the benefits.[5]

Following proceedings not relevant to this appeal, Appellant filed her Second Amended Complaint in July 2021.  Appellees each filed Preliminary Objections on July 20, 2021, asserting that the coworker immunity provision of the WCA barred Appellant's claims.  Appellees argued that they were "in the same employ" as Appellant, for purposes of immunity under the WCA, since they were all employees of Hershey.[6]

In response, Appellant acknowledged that Appellees "were employees of [Hershey]" prior to the incident but questioned whether they continued to

---

[2] Second Am. Compl., 7/6/2021, at ¶8.

[3] *Id.* at ¶¶ 17, 8.

[4] *Id.* at ¶ 9.

[5] *Id.* at ¶ 14.

[6] [Appellee Hostetter's] Reply Brief to [Appellant's] Brief in Support of Response to [Appellees'] Briefs in Support of Preliminary Objections, 9/24/21, at 4 (quoting 77 P.S. § 72).

be "employees" at the moment of the injury.[7] Specifically, Appellant focused on whether Appellees were acting "in the course and scope of their employment" when they injured Appellant.[8] Appellant asserted that the grant of preliminary objections would be premature, arguing instead that additional discovery was needed to determine if Hershey considered Appellees to be employees at the time of the incident or to be "acting outside the course and scope of their employment."[9]

Following argument, the trial court sustained Appellees' Preliminary Objections and entered judgment in favor of Appellees in single-sentence orders on November 30, 2021. Appellant filed her Notice of Appeal on December 21, 2021. Subsequently, the trial court filed its Pa.R.A.P. 1925(a) Opinion, without requesting Appellant to file a Rule 1925(b) Statement of Errors Complained of on Appeal.

Before this Court, Appellant asks "[w]hether [Appellant's] complaint should be dismissed for legal insufficiency as her claims against [Appellees] are barred by the [WCA], 77 P.S. § 72?"[10]

---

[7] Response of [Appellant] to [Appellee Hostetter's] Preliminary Objections to [Appellant's] Second Amended Complaint, 8/5/21, at ¶ 8; *see also* Response of [Appellant] to [Appellee Lepper's] Preliminary Objections to [Appellant's] Second Amended Complaint, 8/5/21, at ¶ 17.

[8] *Id.*

[9] Brief in Support of [Appellant's] Response to [Appellees'] Briefs in Support of Preliminary Objections, 9/14/21, at 4.

[10] Appellant's Br. at 3.

## A.

Appellant challenges the trial court's orders sustaining Appellees' preliminary objections in the nature of a demurrer, pursuant to Pa.R.Civ.P. 1028(a)(4).[11]  "Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint." *Catanzaro v. Pennell*, 238 A.3d at 507 (Pa. Super. 2020) (citation omitted).  The trial court must resolve preliminary objections "solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered[.]" *Hill v. Olfat*, 85 A.3d 540, 547 (Pa. Super. 2014) (citation omitted).  The court must admit as true all material facts set forth in Appellant's pleadings and all reasonably deducible inferences. *Id.*  Moreover, preliminary objections seeking dismissal of a cause of action "should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." *Catanzaro*, 238 A.3d at 507 (citation omitted).

"In reviewing the propriety of the court's grant of preliminary objections in the nature of a demurrer, [appellate courts] apply the same standard as the trial court[.]" *Id.*  As the question involves a pure question of law regarding the legal sufficiency of the complaint, our standard of review is *de novo*. *Id.*

---

[11] Pa.R.Civ.P. 1028(a)(4) provides: "Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . legal insufficiency of a pleading (demurrer)[.]"

**B.**

Appellant asserts that the trial court erred in relying on the coworker immunity provision of the WCA to dismiss her Second Amended Complaint. The coworker immunity provision, set forth in Section 205 of the WCA, grants immunity to defendant employees who negligently injure a plaintiff employee when "in the same employ" as the plaintiff employee and provides:

Liability of fellow employe[e]

If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was **in the same employ** as the person disabled or killed, except for intentional wrong.

*Id.* § 72 (emphasis added) (Section 205 of the WCA).

The Pennsylvania Supreme Court recognized that the General Assembly, in adopting Section 205 in 1963, "abrogated the common-law liability of one employee to another for negligence[.]" *Jadosh v. Goeringer*, 275 A.2d 58, 60 (Pa. 1971). The Court explained that under this provision an employee, in exchange for compensation for employment-related injuries, "surrenders the right to sue employers or fellow employees for negligence, but he no longer need prove negligence . . . and he, too, can no longer be sued for negligence by a fellow employee." *Id.* at 60–61.

The dispositive phrase of Section 205, for purposes of this case, is whether Appellees were "in the same employ" as Appellant. The Supreme Court addressed this phrase in *Apple v. Reichert*, 278 A.2d 482 (Pa. 1972). In *Apple*, the Court rejected an attempt to equate "in the same employ" with

- 5 -

the more commonly used terms of "course or scope of employment." It held that "[s]ince the language of the statutory provision sets up a clear and simple test—'the same employ'—and such words as scope of employment and course of employment are not used, we are not free to speculate that a more restrictive intention was envisioned by the legislature." *Id.* at 484. The Court summarized Section 205 as "clearly phrased to protect all co-employe[e]s in all situations where negligent conduct of one employe[e] may cause injury to a fellow employe[e], provided only that the injury in question is one that is compensable under the Act." *Id.* at 485.[12]

In applying *Apple*, this Court has recognized the Supreme Court's broad interpretation of "in the same employ" as distinct from course and scope of employment, as well as Section 205's effect of "protect[ing] all co-employe[e]s in all situations." *Id.* at 484-85. *See Babich v. Pavich*, 411 A.2d 218, 220 (1979) (setting forth *Apple*'s "clear and simple test [of] 'the

---

[12] While explicitly distinguishing "in the same employ" from scope and course of employment, the Supreme Court nevertheless commented on the factual situation before it, observing that the defendant employee in *Apple* was acting within the "scope of her employment" and that both parties were "acting in furtherance of their duties" when the defendant employee negligently injured the plaintiff employee. 278 A.2d at 484. Given the Court's unambiguous statutory analysis prohibiting incorporation of "course and scope of employment" into "in the same employ," we conclude that the Court's discussion of the parties' scope of employment and duties is dicta. Accordingly, we cannot rely on this discussion to analyze the facts of the instant case. *Castellani v. Scranton Times, L.P.*, 124 A.3d 1229, 1243 n.11 (Pa. 2015) ("[D]icta is an opinion by a court on a question that is directly involved, briefed, and argued by counsel, and even passed on by the court, but that is not essential to the decision. Dicta has no precedential value.") (citation and internal quotation marks omitted).

same employ'" rather than considering the course or scope of employment);

*Albright v. Fagan*, 671 A.2d 760, 762-63 (Pa. Super. 1996) (citing *Apple'*s

protection of "all co-employees in all situations" and rejecting plaintiff's

argument that co-worker immunity did not apply where defendant "was not

furthering the interests of employer"); *DeLong v. Miller*, 426 A.2d 1171-72

(Pa. Super. 1981) (recognizing that *Apple* distinguished Section 205's use of

"in the same employ" from course or scope of employment).  As set forth

below, we agree with these cases and conclude that we are bound by the plain

language of the statute as interpreted by the Supreme Court in *Apple*.[13]

---

[13] In so doing, we acknowledge that other decisions of this Court have ignored *Apple*'s statutory construction of the term "in the same employ" and instead have relied on the Supreme Court's dicta, finding that the defendant employee was acting "in furtherance of her duties" to her employer and within the "scope of her employment" when the defendant employee injured the plaintiff employee.  In particular, these cases have concluded that the coworker immunity provision of the WCA is limited to cases where the defendant employee negligently injured the plaintiff employee while the defendant employee was "in the course of her performance of duties for the employer." *See, e.g., Employers Mutual Casualty Co. v. Boiler Erection & Repair Co.*, 964 A.2d 381, 390 n.6 (Pa. Super. 2008) (quoting *Bell v. Kater*, 943 A.2d 293, 297 (Pa. Super. 2008)); *see also* 39 Standard Pennsylvania Practice 2d § 167:455 (citing *Bell* for the same proposition). These cases, however, conflict with the holding of *Apple*.  Given the confusion that these cases have created, we urge the Pennsylvania Supreme Court to re-visit the holding in *Apple.*

We also note that *Bell* has no precedential value regarding its interpretation of Section 205 because the Superior Court held that the defendant waived her defense of coworker immunity.  *Bell*, 943 A.2d at 298.

Other cases have erroneously conflated the term "in the same employ" with the "course" or "scope of employment" in contradiction to the clear dictates of
*(Footnote Continued Next Page)*

- 7 -

**C.**

Appellant asserts that the courts should not interpret Section 205's term "in the same employ" to preclude plaintiffs from bringing actions against employees "who are not engaged in the course and scope of their employment or even working at the time but happen to be on the premises of the employer[.]" Appellant's Br. at 10 (emphasis omitted). In so doing, Appellant asserts that the meaning of "the phrase 'in the same employ' remains an unresolved legal question in the Commonwealth." Appellants' Br. at 7 (emphasis omitted). [14]

---

**_Apple_**. **_See, e.g., Flanders v. Hoy_**, 326 A.2d 492 n.4 (Pa. Super. 1974) (*en banc*) ("The 'course of employment' standard rather than the narrower 'scope of employment' standard should be used in Pennsylvania to determine whether the defendant employee was 'in the same employ' when the accident occurred."); **_Kulik v. Mash_**, 982 A.2d 85, 86 (Pa. Super. 2009) (utilizing "scope of employment" in relation to coworker immunity under Section 205); **_see also_** 39 Standard Pennsylvania Practice 2d § 167:453.

Since the holding in **_Apple_** is contrary to these Superior Court cases, concepts of precedent require us to follow the holding in **_Apple_** and prevent us from following the Superior Court decisions.

[14] In its 1925(a) opinion, the trial court recited the standard set forth in **_Bell_** and addressed whether Appellees were in the course and scope of their employment when engaging in horseplay. Nevertheless, without reference to course and scope of employment, the court also held that Appellees were "in the same employ" as Appellant "[s]ince [Appellees] were employees of [Hershey] at the time of the incident and were on the job site with [Appellant] . . . ." Tr. Ct. Op. at 4. As discuss *infra*, while we affirm the trial court's ultimate decision to sustain Appellee's Preliminary Objections based upon Appellees' employment status, we disagree with the court's reference to the Appellees' course and scope of employment. **_See In re Jacobs_**, 15 A.3d 509 n.1 (Pa. Super. 2011) ("[This Court is] not bound by the rationale of the trial court[] and may affirm on any basis.").

Absent further guidance from the Supreme Court, we are bound by the statutory language as interpreted in **Apple**. As the Supreme Court held, the General Assembly used the distinct phrase "in the same employ" in Section 205, rather than importing the well-established concepts of course and scope of employment. We cannot ignore the Legislature's decision to omit the terms "course and scope of employment." **See Discovery Charter Sch. v. Sch. Dist. of Philadelphia**, 166 A.3d 304, 321 (Pa. 2017) (recognizing that "we must listen attentively to what the statute says, but also to what it does not say") (citation omitted).

Accordingly, we are constrained to conclude that the phrase "in the same employ" and thus, the coworker immunity provision of the WCA, is not restricted only to those cases in which the defendant employee injures the plaintiff employee when the defendant is acting in the "course and scope of employment." Instead, it applies broadly "to protect all co-employe[e]s in all situations where negligent conduct of one employe[e] may cause injury to a fellow employe[e], provided only that the injury in question is one that is compensable under the Act." **Apple**, 278 A.2d at 485. Pursuant to **Apple**, we interpret the term "in the same employ" to require simply that the plaintiff and defendant be "co-employees," which can be satisfied by working for the same employer.

**D.**

Applying the "in same employ" standard to the case at bar, the trial court concluded that Appellees, like Appellant, were "employees" of Hershey.

Appellant challenges this categorization.[15] She contends that Appellees were not employees because "they were 1) not on the clock or even working at the time of the incident; 2) not security officers which the [Appellant] was at the time; and 3) not even remotely within the course and scope of their employment but rather were horsing around and running about wildly[.]"[16] Appellant's Br. at 12.

In her first factual contention, Appellant reiterates her argument that Appellees' status as Hershey employees depended on whether they had clocked out at the moment they injured Appellant.[17] We reject Appellant's argument because, as a matter of law, Appellees were "in the same employ" as Appellant at the time they injured Appellant, regardless of whether they had clocked out.

---

[15] As relevant to other requirements of Section 205, Appellant does not dispute that her injury is "compensable" given that she received benefits, and she averred that Appellees acted negligently rather than intentionally. Tr. Ct. Op. at 3 (finding that Appellant received compensation and that she alleged negligent not intentional conduct).

[16] Appellant fails to develop her second contention that Appellees were not "in the same employ" because Appellees were not employed as security officers at Hershey as was Appellant. Accordingly, we conclude that she waived this issue. Pa.R.A.P. 2119(a) (requiring that Appellant's argument contain "such discussion and citation of authorities as are deemed pertinent."); **see Karn v. Quick & Reilly Inc.**, 912 A.2d 329, 336 (2006) ("[A]rguments which are not appropriately developed are waived.") (citation omitted).

[17] Although included in Appellant's pleadings, the trial court did not address Appellant's assertion that Appellees were not employees because they had potentially ended their shift prior to the injury.

Pennsylvania courts have repeatedly found injuries compensable and immunity applicable where injuries have occurred a reasonable time before or after an employee's shift. In ***Epler v. North American Rockwell Corp***, 393 A.2d 1163, 1165-66 (Pa. 1978), the Supreme Court found an injury compensable where an employee suffered fatal injuries crossing a public road to reach the employee parking lot after clocking out. The Court explained that injuries are compensable if sustained at a time that is "reasonably proximate to work hours[.]" ***Id.*** at 1165. Similarly, and as applicable to coworker immunity, this Court in ***Albright*** held that a defendant-coworker was immune from liability pursuant to Section 205 when he injured his coworker with his vehicle in the employee parking lot immediately after both finished their shifts. 671 A.2d at 763; ***see also Kulik v. Mash***, 982 A.2d 85, 89 (Pa. Super. 2009) (finding that the WCA barred a plaintiff's claim against his coworker for a parking lot injury sustained prior to a shift). In essence, the question is whether the employee is acting as an employee or has transitioned due to the passage of time or other events into a customer of the employer or a member of the public.[18]

As applied to this case, the injury occurred on Hershey's property near where Hershey employees clocked out of their shifts at a time when Appellees

---

[18] In contrast, courts have found injuries not to be compensable under the WCA when an employee suffers injuries while on employer's property as a customer or member of the public. ***See, e.g., Kmart Corp. v. WCAB (Fitzsimmons)***, 748 A.2d 660, 666-67 (Pa. 2000) (finding WCA inapplicable where employee suffered injuries while eating at public restaurant located on employer's property).

and Appellant were clocking out of their shifts. Appellant does not allege that the incident occurred hours after Appellees ended their shifts, such that it could be found not to be "reasonably proximate to work hours." **Epler**, 393 A.2d at 1165. Accordingly, we reject Appellant's challenge that Appellees were not employees when they injured Appellant.

Second, Appellant asserts that Appellees' bizarre behavior and horseplay negate application of the term "in the same employ" for purposes of coworker immunity. She contends that the legislature did not intend and the WCA does not support "the insulation of co-workers for engaging in fighting or horseplay and injuring an employee[.]" Appellant's Br. at 17. As did the trial court, we reject this argument.

Appellant's allegation of negligent horseplay does not remove this case from the coworker immunity provision of Section 205. Instead, the language "in the same employ" in Section 205 focuses on the employment status of the defendants and not on their negligent actions that injured a plaintiff. Thus, Appellees' actions of engaging in horseplay is irrelevant to whether they were "in the same employ" as Appellant.

**E.**

Accordingly, we affirm the trial court's order sustaining Appellees' Preliminary Objections and dismissing Appellant's Second Amended Complaint, although applying a different interpretation of Section 205 of the WCA, 77 P.S. § 72.

Order affirmed.

Judge Colins joins the memorandum.

Judge McLaughlin concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/17/2023