J-A01012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREENWICH INSURANCE COMPANY | : | No. 373 EDA 2018 |

Appeal from the Order Entered December 28, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): November Term 2015 No. 3959

BEFORE: OTT, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OTT, J.: **FILED MAY 28, 2019**

Erie Insurance Exchange appeals from the order entered December 28, 2017, granting summary judgment in favor of Greenwich Insurance Company and denying Erie's motion for summary judgment. This order terminated Erie's declaratory judgment action in which it sought co-payment from Greenwich regarding a motor vehicle accident that killed underlying plaintiff Jeremy Andre. In this timely appeal, Erie raises three issues, asserting the trial court erred (1) in determining Stephen Koons was not an insured of Greenwich for purposes of this accident, (2) in holding the workers' compensation case of the Greenwich policy precluded coverage, and (3) in refusing to address Erie's argument that Greenwich owed Erie 50% of the defense and indemnity costs. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

Our scope and standard of review is as follows:

This Court's standard of review of a trial court's decision in a declaratory judgment action is narrow. Because declaratory judgment actions arise in equity, we will set aside the judgment of the trial court only where it is not supported by adequate evidence. The test is not whether we would have reached the same result on the evidence presented, but whether the trial court's conclusion reasonably can be drawn from the evidence. *See Nationwide Mut. Ins. Co. v. Cummings*, 438 Pa.Super. 586, 652 A.2d 1338, 1340-41 (1994).

Our standard of review of a challenge to an order granting summary judgment is as follows:

We may reverse if there has been an error of law or an abuse of discretion. Our standard of review is *de novo*, and our scope plenary. We must view the record in the light most favorable to the nonmoving party and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Furthermore, [in] evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.

*Gubbiotti v. Santay*, 52 A.3d 272, 273 (Pa. Super. 2012) (citations omitted).

*Carlino East Brandywine, L.P. v. Brandywine Village Association*, 197 A.3d 1189, 1199, 1120 (Pa. Super. 2018).

In the underlying action, Jeremy Andre, deceased, was employed by Ches-Mont Disposal and was in the course and scope of employment when the trash truck he was working with unexpectedly began to roll. Andre attempted

to enter the cab of the vehicle to activate the brake by pushing it with his hand.  As the truck continued to roll, the door of the cab came into contact with the garage wall, pushing the door closed, and crushing Andre.  *See Andre v. Blue Mountain Recycling, LLC; Casella Waste Management; Casella Waste Systems Inc.; and Stephen P. Koons, d/b/a/ Miller Concrete*, First Amended Complaint, ¶¶ 40-48.  In addition to this tort action, Andre's estate also sought and received workers' compensation benefits from Ches-Mont regarding the accident.  *See* Greenwich Motion for Summary Judgment, Exhibit F (Workers' Compensation Decision Cover Letter), 7/26/2017.

Of specific relevance to this appeal, the tort complaint alleged Koons, d/b/a Miller Concrete, had purchased the truck in which Andre was killed, had leased the truck to Ches-Mont, which was also partially owned by Koons, and as the owner/lessor of the truck, had "retained the duty to keep this truck  in proper working order in order to protect third persons, such as the deceased, from injury" *See Andre v. Blue Mountain*, First Amended Complaint, Count II, at ¶ 130.  Subsequent paragraphs of Count II detail further allegations of negligent acts by Koons, all of which flow from the alleged retained duty of his actions as owner/lessor of the truck.  *Id.* at ¶¶ 131-155.  Koons tendered this claim to two insurance companies that had provided insurance policies that possibly applied to the accident, Erie Insurance Exchange and Greenwich Insurance Company.  Erie provided a Business Catastrophic Loss (BCL) Policy to Koons, d/b/a Miller Concrete, as well as a policy insuring vehicles owned by

Miller Concrete. Greenwich provided, in relevant part, an umbrella policy to Ches-Mont Disposal, providing coverage against bodily injury claims made against Ches-Mont, as well as covering officers of Ches-Mont (such as Koons), as long as the negligent acts alleged were taken in the course and scope of their duties with Ches-Mont. *See Erie v. Greenwich*, First Amended Complaint, at ¶¶ 5-14, 15-22.

Greenwich disclaimed responsibility from providing a defense and/or indemnification for the tort claim against Koons. Erie provided Koons with both defense and indemnification, eventually settling the claim against Koons for $1,125,000. *Id.* at ¶ 59. After settling the claim with Andre, Erie obtained an assignment of rights from Koons regarding Greenwich's failure to provide a share of the defense and indemnification. Erie then filed a declaratory judgment action against Greenwich in federal court. The result of that action narrowed Erie's claim to Coverage B of Greenwich's umbrella policy. Although the district court ultimately found in favor of Greenwich, on appeal, the Third Circuit believed there was an open question of material fact as to whether the underlying allegations against Koons were pled against him acting individually or as part of duties with Ches-Mont. The federal court never resolved this issue. *See Koons v. XL Ins. America, Inc.*, 516 Fed.Appx. 217 (3rd Cir. 2013).

Thereafter, Erie filed this declaratory judgment action in the Court of Common Pleas of Philadelphia County. After the close of discovery, both parties filed motions for summary judgment. Upon consideration of the

respective motions, Judge Ramy I. Djerassi determined Andre had sued Koons in his individual capacity, d/b/a Miller Concrete, as owner of the allegedly defective truck. Further, Judge Djerassi concluded that even if Koons had been sued for acting as an officer of Ches-Mont, the claims would be barred by workers' compensation and the Greenwich policy specifically excludes such claims from coverage.

We agree with Judge Djerassi's able analysis. There is no scenario contemplated in the underlying tort action for which the Greenwich umbrella policy affords coverage.

As with any matter in which insurance coverage is at issue, we look to the language of the insurance policy in question and the allegations in the complaint. We begin by noting the definition of an insured under Coverage B of the Greenwich umbrella policy:

Insured under Coverage B Means:

1. the Named Insured;

2. if you are an individual, your spouse, but only with respect to the conduct of business of which you are the sole owner;

3. your partners, joint venture members, executive officers, employees, directors, stockholders or volunteers while acting within the scope of their duties as such;

…[1]

Greenwich Policy, p. 17.

---

[1] There is no contention that any of the remaining definitions of an insured apply. Therefore, we need not list them.

The first page of the Greenwich policy lists "Chesmont Disposal Company, LLC" as the named insured. The first page also identifies the named insured as a corporation. As such, the first two definitions of an insured cannot apply to Koons. Therefore, Koons, who was undeniably an officer of Ches-Mont, is an insured under the Greenwich policy "while acting within the scope of [his] duties as such." *Id.* There is no question that this language is clear and unambiguous in defining Koons as an insured only when he acts within the scope of his duties as an officer of Ches-Mont.

We must now look to the allegations of the complaint to determine the scope of the claims against Koons. Initially, the complaint identifies Koons as an "individual", who "upon information and belief, and at all relevant times … did business in Pennsylvania under the fictitious name of Miller Concrete." *Andre v. Blue Mountain*, First Amended Complaint, at ¶¶ 14, 15. There is no indication here that Koons was associated with, much less was acting within the scope of his duties for, Ches-Mont. Accordingly, we believe that any subsequent reference to Defendant Koons refers to the individual Koons d/b/a Miller Concrete.

Negligence Count II of the First Amended Complaint provides the specific allegations against Koons. The first substantive paragraph, ¶ 127, identified "Koons, d/b/a Miller Concrete, was the owner and lessor of the truck and co-owner of Ches-Mont Disposal." *Id.* at ¶ 127. Although ¶ 127 identifies Koons as also being the co-owner of Ches-Mont, neither ¶ 127 nor any subsequent paragraph details any act of negligence committed by Koons

acting in the scope of his duties for Ches-Mont. All subsequent paragraphs detailing acts of negligence by Koons identify him as "d/b/a Miller Concrete," or as "owner of the truck," or as "lessor of the truck," or simply as "Defendant Koons". Also pursuant to ¶ 127, the owner/lessor of the truck is identified as Koons/Miller. Another example of identifying Koons is ¶ 130, which states "Defendant Koons had and *retained* the duty to keep this truck in working order…" *Id.* at ¶ 130 (emphasis added). In the context of the complaint, it was the owner/lessor – Koons d/b/a Miller - who *retained* the duty to ensure the truck was in working condition, not the lessee, Ches-Mont. The relevant language throughout the complaint indicates Koons was being sued not as a person acting on behalf of Ches-Mont, but as an individual acting under the fictitious name of Miller Concrete. Accordingly, the trial court correctly determined for purposes of the underlying action, the Greenwich policy did not apply to Koons d/b/a Miller Concrete.

However, Erie currently contends that the foregoing issue was not properly before the trial court pursuant to collateral estoppel. Erie notes the Third Circuit vacated the District Court's determination that Koons had been sued individually, rather than as acting on behalf of Ches-Mont, thereby settling the issue. We disagree. First, the Third Circuit never resolved the issue of Koons' capacity as a defendant. The Third Circuit merely noted that there remained an open question as to that issue and remanded the matter for further action. All federal involvement was terminated prior to the resolution of that issue. Collateral estoppel requires there be a prior resolution

of a particular issue. Without this resolution, the issue remained open for the Court of Common Pleas to decide.

Although the federal appellate decision does not explicitly state the nature of the material fact to be determined, our review of the certified record leads to the inevitable conclusion that the workers' compensation claim had not resolved by the time of the Third Circuit's decision. Therefore, there remained the possibility that Koons could be liable for negligent acts he committed in the scope of his duties for Ches-Mont.[2] Once the workers' compensation claim against Ches-Mont settled with payment to Andre, it became obvious that no claim against Koons acting in the scope of duty for Ches-Mont was tenable. This fact allowed Judge Djerassi to render his decision, when the federal court could not. Accordingly, Greenwich was not collaterally estopped from raising this issue before the Court of Common Pleas.

Although the above resolves this matter, we also recognize the trial court correctly reasoned that even if Koons was acting on behalf of Ches-Mont and the Greenwich policy did apply, the claims against Koons would be barred by workers' compensation.

There can be no dispute that Andre was in the course and scope of his employment with Ches-Mont when he suffered the fatal injuries. Pursuant to the workers' compensation claim, Ches-Mont was determined to be liable to

_____

[2] The Third Circuit decision was issued on March 25, 2013; the workers' compensation claim against Ches-Mont did not resolve until March 10, 2015.

Andre's Estate for approximately $170,000.00. *See* Greenwich Motion for Summary Judgment, Exhibit F, p. 5, 7/26/2017.

Long established law dictates workers' compensation "is the sole and exclusive means of recovery against employers for all injuries arising out of accidents occurring within the course of employment." ***Pollard v. Lord Corp.***, 664 A.2d 1032, 1033 (Pa. Super. 1995), *aff'd* 695 A.2d 767 (Pa. 1997). Further, "[a]s part of the *quid pro quo* of [the Workers' Compensation Act], an employee surrenders the right to sue an employer in tort for injuries received in the course of employment to obtain the benefit of strict liability… If an injury is compensable under the Act, the compensation provided by th[e] Act is the employee's exclusive remedy." Trial Court Opinion, 12/26/17 at 10, n. 30, *quoting* ***Dennis v. Kravco Co.***, 761 A.2d 1204, 1205 (Pa. Super. 2000).

The Act itself is equally clear that no tort action could be brought against Koons acting on behalf of Ches-Mont.

**§ 481. Exclusiveness of remedy; actions by and against third party; contract indemnifying third party**

 (a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise

entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

77 P.S. § 481 (footnotes omitted).

Accordingly, workers' compensation extinguishes any claim that Koons' alleged negligent actions were taken in the scope of his duties with Ches-Mont. Because no such tort claim against Koons can survive, the umbrella policy that is undeniably applicable to Koons through Ches-Mont, cannot be reached through a tort claim.

Erie's claims in this matter are caught between Scylla and Charybdis. If Koons was sued individually d/b/a Miller Concrete, he is not an insured under the Greenwich policy which affords coverage to Koons only for actions taken in the course of his duties with Ches-Mont. In the alternative, if Koons was sued for alleged negligent actions taken during the scope of his duties with Ches-Mont, then workers' compensation was Andre's exclusive remedy and the Greenwich umbrella policy is equally inapplicable because no tort claim against Koons survives. As the Greenwich umbrella policy is not applicable in either instance, Erie cannot be entitled to contribution from Greenwich to offset its payments settling the underlying Andre's tort action.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/28/19</u>